UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 - 11163 RWZ

| | |
|---|---|
| JOHN DOE, ppa Mother Doe and | ) |
| MOTHER DOE, individually, | ) |
| Plaintiffs, | ) |
| | ) MAGISTRATE JUDGE _____ |
| v. | ) |
| | ) RECEIPT # _____ |
| DUBECK KIM, CHATA DICKSON, | ) AMOUNT $ 250 |
| RICHARD MARTIN, SUSAN LANGER, | ) SUMMONS ISSUED Yes |
| NEW ENGLAND CENTER FOR CHILDREN, | ) LOCAL RULE 4.1 _____ |
| NASHOBA REGIONAL SCHOOL DISTRICT | ) WAIVER FORM _____ |
| and TOWN OF BOLTON, | ) MCF ISSUED_____ |
| Defendants. | ) BY DPTY. CLK. _____ |
| | ) DATE _____ |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

This action arises out of a special education teacher's sexual assault, sexual harassment, physical assaults, and physical and emotional abuse and emotional and/or psychological manipulation of the minor plaintiff during the 2002-2003 school year. Further to the claims against the special education teacher, the plaintiffs' action seeks to hold the teacher's supervisors and employers responsible as they knew or should have been aware of the defendant teacher's abusive behavior towards minor plaintiff and other minors and failed and neglected to take reasonable steps to protect the minor plaintiff from abuse and injury.

### **Parties**

1.      Plaintiff Mother Doe resides in Bolton, Middlesex County, Massachusetts and brings this action on her own behalf and on the behalf of her minor child, John Doe (hereafter referred to as "Mother Doe," and "Minor Plaintiff," respectively).

2.    Upon information and belief, defendant Dubeck Kim is a Massachusetts resident and was the main teacher and case manager of Minor Plaintiff at the New England Center for Children in Southboro, Massachusetts during all or a portion of the period pertinent to this Complaint (hereafter referred to as "Defendant Dubeck"). He is being sued in his individual capacity. and in his official capacity.

3.    Upon information and belief, the defendant Chata Dickson is a Massachusetts resident and is the Program Specialist at the New England Center for Children in Southboro, Massachusetts who was responsible for the educational program for Minor Plaintiff during all or a portion of the period pertinent to this Complaint (hereafter referred to as "Defendant Dickson"). Ms. Dickson is being sued in her individual capacity and in her official capacity as Program Specialist at the New England Center for Children.

4.    Upon information and belief, the defendant Richard Martin is a Massachusetts resident and is the personnel director at the New England Center for Children in Southboro, Massachusetts during all or a portion of the period pertinent to this Complaint (hereafter referred to as "Defendant Martin"). Defendant Martin is being sued in his individual capacity and in his official capacity as personnel director at the New England Center for Children.

5.    Upon information and belief, defendant Susan Langer is a Massachusetts resident and, as part of her employment at the New England Center for Children in Southboro, Massachusetts and is the Program Director who was responsible for the educational program for Minor Plaintiff during all or a portion of the period pertinent to this Complaint (hereafter referred to as "Defendant Langer"). Defendant Langer is being

2

sued in her individual capacity and in her official capacity as Program Director at the
New England Center for Children.

6.      Upon information and belief, the New England Center for Children in
Southboro, Massachusetts is a nonprofit corporation duly incorporated under the laws of
Massachusetts located at 33 Turnpike Road, Southboro, Worcester County,
Massachusetts (hereafter referred to as "Defendant NECC").

7.      Upon information and belief, the Nashoba Regional School District in
Bolton, Massachusetts is a political subdivision of the Commonwealth of Massachusetts
and the Town of Bolton duly incorporated under the laws of Massachusetts located at 50
Mechanic Street, Bolton, Worcester County, Massachusetts (hereafter referred to as
"Defendant School District").

8.      Defendant Town of Bolton whose offices are located at 663 Main Street,
Bolton, Worcester Count, Massachusetts is a political subdivision of the Commonwealth
of Massachusetts (hereafter referred to as "Defendant Town").

## Jurisdiction and Venue

9.      Jurisdiction of this Court is invoked under the provisions of Sections 1331,
1434(3) and 1367(a) of Title 28 and §§ 1983 and 1988 of Title 42 of the United States
Code.

10.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 as
the claims arose in this judicial district.

3

## Facts

11.     Defendant Town of Bolton is obligated under Massachusetts General Laws chapter 40 section 4E to provide public education to the minor residents of the Town of Bolton including Minor Plaintiff.

12.     Pursuant Massachusetts General Laws chapter 40 section 4E, Defendant Town of Bolton, along with other townships, is part of the Defendant School District and as such, Defendant School District is obligated to provide public education to the minor residents of the Town of Bolton including Minor Plaintiff.

13.     Minor Plaintiff has been evaluated as a student having special educational needs.

14.     Minor Plaintiff's Individualized Education Program ("IEP"), in addition to a full-time one-on-one educational program, calls for a sixteen to twenty hour per week home study program.

15.     Although Minor Plaintiff was initially given a home study program, the Defendant School District failed to pay the teacher and the teacher quit.

16.     Despite the Minor Plaintiff's IEP requiring a home study program, Minor Plaintiff was without a home study program for a long period of time.  The School District told Mother Doe that she would have to hire a babysitter and perform the work of the home programmer herself.

17.     Mother Doe found a teacher who agreed to be Minor Plaintiff's home programmer and the School District agreed to and did hire that teacher as a home programmer.  However, the School District provided that home programmer with materials that were clearly below Minor Plaintiff's educational level.  The School District

4

later accused the home programmer of not wanting to do the program and fired her. The School District told Mother Doe that the home programmer had quit. The School District has failed to replace the home programmer for over a year.

18.    Minor Plaintiff's IEP also requires a bus monitor, but the School District again told Mother Doe that they couldn't find anyone for the position. On numerous occasions, Mother Doe suggested that Minor Plaintiff's seventeen year old brother could be the bus monitor, but the School District never responded. In the meantime, Mother Doe had to drive Minor Plaintiff to and from school.

19.    Mother Doe was never informed of any deadlines for filing with the School District for reimbursement for driving Minor Plaintiff to and from NECC. When Mother Doe filed for reimbursement at the end of the year, the School District denied her request for reimbursement because the "fiscal year had ended."

20.    When, Mother Doe could no longer drive Minor Plaintiff to and from NECC, the School District finally agreed to hire Minor Plaintiff's seventeen year old brother as a bus monitor.

21.    Minor Plaintiff's IEP also called for a one-on-one educational program.

22.    Defendant School District contracted Defendant NECC to provide a one-on-one educational program to Minor Plaintiff for the 2002-2003 school year.

23.    During all or a portion of the period pertinent to this Complaint, Defendant Dubeck, Defendant Dickson, Defendant Martin and Defendant Langer, the individuals defendants in this action, were employees of the Defendant NECC.

24.    Upon information and belief, Defendant Dubeck has been employed as a special needs teacher by Defendant NECC since at least September, 2002.

5

25. Minor Plaintiff attended NECC and was assigned Defendant Dubeck as his "main teacher" and "case manager" for the school year beginning in September, 2002 and was caused to suffer over ten months of physical injury, indignities, humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity and still continues to suffer emotional distress and mental anguish to this date as a result of Defendant Dubeck's harassing and abusive conduct which unlawful, unwarranted and abusive conduct included, among other things:

a.  Defendant Dubeck giving Minor Plaintiff coffee;

b.  Defendant Dubeck going to the bathroom with Minor Plaintiff;

c.  Defendant Dubeck flashing his penis at Minor Plaintiff;

d.  Defendant Dubeck encouraging Minor Plaintiff to flash his penis by telling Minor Plaintiff that it was a polite thing to do;

e.  Defendant Dubeck bending Minor Plaintiff's finger backwards;

f.  Defendant Dubeck putting his hands on Minor Plaintiff's neck and scratching Minor Plaintiff's neck; and

g.  Defendant Dubeck kicking Minor Plaintiff in the back.

26. The educational program assigned Minor Plaintiff was mentally and emotionally abusive and educationally damaging for the educational program included, among other things, (a) Minor Plaintiff was denied access to his personal belongings including Minor Plaintiff's Bible which was confiscated from him for approximately three days, (b) Minor Plaintiff was denied "rewards" if he failed to any one of sixteen feats, (c) Minor Plaintiff was given inappropriate rewards such as Metallica music which music is aggressive and encourages negative behavior, and (d) Minor Plaintiff's negative

6

behavior was videotaped without permission from Mother Doe and then Minor Plaintiff was required to watch the videotape.

27.     In or about January of 2003, Mother Doe, unhappy with NECC's educational program for Minor Plaintiff and its treatment of Minor Plaintiff, asked the School District to look for a new school and they agreed.

28.     After January of 2003, Mother Doe continually asked the status of finding a new school and was told by the School District that they had their "feelers out" but provided no response.

29.     Upon information and belief, the School District did not look for a new school for Minor Plaintiff at any time from January, 2003 until late August of 2003.

30.     Despite Minor Plaintiff being in a one on one program, on or about July 14, 2003, Minor Plaintiff came home without his shorts on and wearing only his boxer shorts.

31.     When Minor Plaintiff reacted negatively to Defendant Dubeck's sexual abuse, Minor Plaintiff was restrained by employees of Defendant NECC.

32.     As a result of Defendant Dubeck's conduct, Minor Plaintiff has suffered emotional trauma and upset as evidenced by chronic constipation, unprecipitated verbal outbursts, excessive emotional responses such as frequent crying, and vastly increased nail biting.

33.     In or about July of 2003, Mother Doe reported her concerns regarding Defendant Dubeck's conduct towards the Minor Plaintiff to NECC and School District.

34.     On or about September 3, 2003, Mother Doe advised School District and the Town of Bolton of Mother Doe's concerns regarding the defendants' conduct towards

7

Minor Plaintiff and the School District's failure to provide Minor Plaintiff with an educational program that met the requirements of the Minor Plaintiff's IEP and requested an investigation immediately pursuant to Mass. Gen. L. ch. 258 § 4.

35.     On or about September 24, 2003, the School District advised the Plaintiffs that it denied "any wrongdoing or noncompliance with regard to [Minor Plaintiff's] educational programming" but would investigate the issue raised by in the September 3, 2003 chapter 258 notice of a "lack of personnel willing to work in the [Minor Plaintiff's] home."

36.     Despite being put on notice of Defendant Dubeck's physical and emotional abuse of Minor Plaintiff, not one of the Defendants has notified the Worcester District Attorney's Office or the Commonwealth of Massachusetts' Department of Education regarding the physical and emotional abuse of Minor Plaintiff.

37.     Defendants have persistently acted and continue to act with deliberate indifference to the discrimination perpetrated against Minor Plaintiff. Despite being put on notice of Mother Doe's concerns for Minor Plaintiff, Defendants refused to take remedial steps to prevent Defendant Dubeck from physically and emotionally abusing Minor Plaintiff and other minors and deny that Minor Plaintiff was abused in any way.

38.     Defendants have engaged in a continuing pattern and practice of deliberate indifference to the civil rights of Minor Plaintiff.

39.     As a direct and proximate result of Defendants' reckless and discriminatory actions, Minor Plaintiff has suffered serious emotional and physical distress, mental anguish and interference with his education. Minor Plaintiff has also been deprived of the advantages, privileges and course of study of a public school

8

education. On his behalf, Mother Doe has incurred substantial legal and medical fees and costs which damages continue to this date.

40.     On or about September 3, 2003, Plaintiffs sent a Massachusetts General Laws chapter 258 notice to the Defendant School District and Defendant Town.

41.     On or about September 4, 2003, Mother Doe asked Defendant NECC to return to Minor Plaintiff a number of items that Minor Plaintiff had earned as rewards as part of his educational program at Defendant NECC including, without limitation, a Short Circuit videotape movie bought by Mother Doe and taken by Defendant Dickson, Minor Plaintiff's shorts, Minor Plaintiff's cassette tapes which he made at home and brought in, but were taken by Defendant Dickson, Madonna compact disc, Celine Dion compact disc, Metallica compact disc, Avril Lavigne compact disc, Natalie Merchant compact disc, Klumps videotape movie, approximately ten Sponge Bob videotapes, The Simpson's videotape, The Dinosaur videotape movie, and an Avril Lavigne music videotape, all of which were either bought or made specifically as educational rewards for Minor Plaintiff by Defendant NECC and its employees including Defendant Dubeck.

42.     On or about September 16, 2003, Defendant NECC refused to return those items listed in paragraph 41.

43.     On or about September 16, 2003, Minor Plaintiff's tutor made a written request to Defendant School District that she be provided with a number of educational supplies for Minor Plaintiff's educational program including a Children's calculator, large lined and dotted paper, scissors, a kindergarten and first grade level math workbook, math flashcards and counting bears, second and third grade level reading books, second and third grade level reading comprehension books, a children's handwriting practice

9

book, and a first of second grade level science book, and funds to purchase rewards for the learning incentive "prize box."

44.     On or about September 24, 2003, Defendant School District responded to the Plaintiff's September 3, 2003 Massachusetts General Laws chapter 258 notice by denying all charges except for the issue concerning the Defendant School District's failure and/or delay in obtaining personnel to perform the home study program at Minor Plaintiff's home.

45.     To date, the Defendant School District has not provided a single one of the items requested by Minor Plaintiff's tutor as set forth in paragraph 44. 43.

### COUNT I – Assault and Battery
### as to Defendant Dubeck Kim

46.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 45 above.

47.     With malice and without consent or justification, Defendant Dubeck committed assault and battery upon Minor Plaintiff by physically and emotionally abusing Minor Plaintiff as more fully alleged above.

48.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity.

### COUNT II – Intentional Infliction of Emotional Distress
### as to Defendant Dubeck Kim

49.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 48 above.

50.     As a result of the intentional, extreme and outrageous conduct of Defendant Dubeck as more fully alleged above, Minor Plaintiff suffered severe emotional

10

distress and other injuries which Defendant Dubeck knew or should have known would
be and was the likely result of his actions.

### COUNT III – Negligence
### as to Defendant Dubeck Kim

51.     The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 50 above.

52.     Defendant Dubeck owed a duty to exercise reasonable care to protect
Minor Plaintiff from physical and emotional abuse.

53.     Defendant Dubeck breached that duty by his wrongful conduct in verbally
and physically abusing Minor Plaintiff and/or by failing to correct such conduct, to seek
professional treatment and/or to remove himself from a position of responsibility for the
care of Minor Plaintiff.

54.     By both his actions and inactions, Defendant Dubeck caused Minor
Plaintiff to suffer repeated physical, verbal and emotional abuse and mental anguish.

55.     As a direct and proximate result of Defendant Dubeck's negligence, Minor
Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress,
mental anguish and invasion of his bodily integrity.

### COUNT IV - Violation of M.G.L. c. 12, § 11(I)
### as to Defendant Dubeck Kim

56.     The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 55 above.

57.     Defendant Dubeck, in violation of the Massachusetts Civil Rights Act,
Mass. Gen. L. c. 12, § 11(I), interfered or attempted to interfere by threats, intimidation
and coercion with Minor Plaintiff's exercise and enjoyment of rights secured under the
Constitution and laws of the Commonwealth of Massachusetts and the United States.

58.     As a direct and proximate cause of such deprivation, Minor Plaintiff
suffered physical injuries, indignities, humiliation, severe emotional distress, mental
anguish and invasion of his bodily integrity.

### COUNT V - Violation of M.G.L. c. 76, § 5
### as to Defendant Dubeck Kim

59.     The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 58 above.

60.     Defendant Dubeck's harassing and abusive conduct violated Minor
Plaintiff's right under M.G.L. c. 76, § 5 to nondiscrimination in his attendance at
Defendant NECC. M.G.L. c. 76, § 5 prohibits discrimination based on sex, for all
students "in obtaining the advantages, privileges and courses of study of such public
schools."

61.     As a direct and proximate cause of such harassing and abusive conduct,
Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional
distress, mental anguish and invasion of his bodily integrity.

### COUNT VI - Violation of 42 U.S.C. § 1983
### as to Defendant Dubeck Kim

62.     The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 61 above.

63.     Each and every act and omission alleged herein was done by the
defendants not only as individuals, but also under the color and pretenses of the statutes,
ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts,
and the rules, policies, and direction of the Defendant School District, having been
clothed with actual and apparent authority by the governing body, the Defendant School
District and/or Defendant Town.

12

64.     Defendant Dubeck acted with deliberate indifference or gross negligence in physically and emotionally abusing Minor Plaintiff.

65.     Minor Plaintiff has been deprived by Defendant Dubeck, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, without limitation, their right to be free from intrusions into his bodily integrity and his right to an education.

66.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity.

67.     As a direct and proximate cause of such deprivation, Mother Doe and Father Doe suffered indignities, humiliation, severe emotional distress and mental anguish.

### COUNT VII – Loss of Consortium (Mass. Gen. L. c. 231, § 85X) as to Defendant Dubeck Kim

68.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 67 above.

69.     As a direct and proximate cause of Defendant Dubeck's abusive conduct and the severe physical and emotional injury such conduct caused Minor Plaintiff, Mother Doe lost the enjoyment of Minor Plaintiff's society and companionship.

### COUNT VIII – Intentional Infliction of Emotional Distress as to Defendant Chata Dickson, Defendant Richard Martin and Defendant Susan Langer

70.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 69 above.

71.     As a result of the intentional, extreme and outrageous conduct of

Defendants Dickson, Martin and Langer as more fully alleged above, Minor Plaintiff

suffered severe emotional distress and other injuries which Defendants Dickson, Martin

and Langer knew or should have known would be and was the likely result of their

actions and inactions.

### COUNT IX – Negligence
**as to Defendant Chata Dickson,**
**Defendant Richard Martin and Defendant Susan Langer**

72.     The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 71 above.

73.     Defendants Dickson, Martin and Langer owed a duty to exercise

reasonable care to protect Minor Plaintiff from physical and emotional abuse.

74.     Defendants Dickson, Martin and Langer breached that duty by their

wrongful conduct in verbally abusing Minor Plaintiff and/or by failing to correct such

conduct, to seek professional treatment and/or to remove Defendant Kim and/or

themselves from a position of responsibility for the care of Minor Plaintiff.

75.     By both their actions and inactions, Defendants Dickson, Martin and

Langer caused Minor Plaintiff to suffer repeated physical, verbal and emotional abuse

and mental anguish.

76.     As a direct and proximate result of the negligence of Defendants Dickson,

Martin and Langer, Minor Plaintiff suffered physical injuries, indignities, humiliation,

severe emotional distress, mental anguish and invasion of his bodily integrity.

14

## COUNT X - Violation of 42 U.S.C. § 1983
### as to Defendant Chata Dickson,
### Defendant Richard Martin and Defendant Susan Langer

77.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 76 above.

78.     Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of Defendant NECC, having been clothed with actual and apparent authority by the governing body, the Defendant School District and/or Defendant Town.

79.     Defendants Dickson, Martin and Langer acted with deliberate indifference or gross negligence in physically and emotionally abusing Minor Plaintiff.

80.     Minor Plaintiff has been deprived by Defendants Dickson, Martin and Langer, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, without limitation, their right to be free from intrusions into his bodily integrity and his right to an education.

81.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity.

82.     As a direct and proximate cause of such deprivation, Mother Doe suffered indignities, humiliation, severe emotional distress and mental anguish.

15

### COUNT XI – Loss of Consortium (Mass. Gen. L. c. 231, § 85X)
### as to Defendant Chata Dickson,
### Defendant Richard Martin and Defendant Susan Langer and

83.     The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 82 above.

84.     As a direct and proximate cause of the abusive conduct of Defendants

Dickson, Martin and Langer and the severe emotional injury such conduct caused Minor

Plaintiff, Mother Doe lost the enjoyment of Minor Plaintiff's society and companionship.

### COUNT XII – Negligence
### as to Defendant New England Center for Children,
### Nashoba Regional School District and Town of Bolton

85.     The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 84 above.

86.     Defendants NECC, School District and Town owed a duty to exercise

reasonable care to protect Minor Plaintiff from physical and emotional abuse.

87.     Defendants NECC, School District and Town breached that duty by

failing to protect Minor Plaintiff from the physical and emotional abuse of Defendants

Dubeck, Dickson, Martin and Langer where they had notice of the physical and

emotional abuse of Minor Plaintiffs and failed to correct such conduct, to seek

professional treatment and/or remove Defendants Dubeck, Dickson, Martin and Langer

from positions of responsibility for the care of Minor Plaintiff or other Minor Plaintiffs.

88.     By both their actions and inactions, Defendants NECC, School District

and Town caused Minor Plaintiff to suffer physical injuries, indignities, humiliation,

severe emotional distress, mental anguish and invasion of his bodily integrity.

16

89.     As a direct and proximate result of the negligence of Defendants NECC,

School District and Town, Minor Plaintiff suffered serious physical and emotional

injuries, as more fully alleged above.

### COUNT XIII - Violation of M.G.L. c. 76, § 5
### as to Defendant New England Center for Children,
### Nashoba Regional School District and Town of Bolton

90.     The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 89 above.

91.     The failure of Defendants NECC, School District and Town to protect

Minor Plaintiff from the harassing and abusive conduct of Defendants Dubeck, Dickson,

Martin and Langer violated Minor Plaintiff's right under M.G.L. c. 76, § 5 to

nondiscrimination in his attendance at the Defendant NECC. M.G.L. c. 76, § 5 prohibits

discrimination based on sex, for all students "in obtaining the advantages, privileges and

courses of study of such public schools."

92.     As a direct and proximate cause of the failure of Defendants NECC,

School District and Town to protect Minor Plaintiff from Defendants Dubeck, Dickson,

Martin and Langer, Minor Plaintiff suffered physical injuries, indignities, humiliation,

severe emotional distress, mental anguish and invasion of his bodily integrity.

### COUNT XIV - Violation of 42 U.S.C. § 1983
### as to all defendants

93.     The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 92 above.

94.     Each and every act and omission alleged herein was done by Defendants

Dubeck, Dickson, Martin, Langer, NECC, School District and Town not only as

individuals, but also under the color and pretenses of the statutes, ordinances, regulations,

17

customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the Defendant School District, having been clothed with actual and apparent authority by the governing body, the Defendant Town.

95.     Minor Plaintiff has been deprived by the Defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, without limitation, his right to be free from intrusions into his bodily integrity and to a public education.

96.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, and humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity.

97.     As a direct and proximate cause of such deprivation, Mother Doe suffered indignities, humiliation, severe emotional distress and mental anguish.

## COUNT XV – Violation of Mass. Gen. L. c. 258, § 2)
## as to defendants Nashoba Regional School District and Town of Bolton

98.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 97 above.

99.     The Defendants School District and Town, as employers of Defendants NECC, Dubeck, Dickson, Martin and Dickson, are liable for the harassing and abusive conduct of Defendants NECC, Dubeck, Dickson, Martin and Langer towards Minor Plaintiff during the course of their employment with Defendant NECC and thus, Nashoba Regional School District and the Town of Bolton and the resultant harm to Minor Plaintiff.

18

## COUNT XVI – Violation of Title IX (Mass. Gen. L. c. 119, § 51A)
## as to defendants Nashoba Regional School District and Town of Bolton

100. The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 99 above.

101. Defendants School District and Town denied Minor Plaintiff his right to education free from discrimination by failing to prevent and/or protect Minor Plaintiff from the physical and emotional abuse of Defendants NECC, Dubeck, Dickson, Martin and Langer despite having notice of their physical and emotional abuse of minors and Minor Plaintiff.

102. Defendants School District and Town continue to act with deliberate indifference in failing to prevent minors from the physical and emotional abuse of Defendants NECC, Dubeck, Dickson, Martin and Langer.

103. As a direct and proximate cause of such deprivation, Minor Plaintiff suffered over nine months of physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity and Minor Plaintiff continues to suffer emotional distress and mental anguish to this day.

## COUNT XVII – Failure to Report Child Abuse (Mass. Gen. L. c. 119, § 51A)
## as to all Defendants

104. The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 103 above.

105. Under Mass. Gen. L. c. 119, § 51A, each and every Defendant had a duty to immediately report the physical and emotional abuse that Defendants NECC, Dubeck, Dickson, Martin and Langer were inflicting on Minor Plaintiff and their Minor Plaintiffs to the Department of Social Services and to file a written report thereafter regarding the

physical and emotional abuse of Defendants NECC, Dubeck, Dickson, Martin and Langer towards Minor Plaintiff and their Minor Plaintiffs.

106.    Each and every Defendant failed to report the physical and emotional abuse that Defendants NECC, Dubeck, Dickson, Martin and Langer were inflicting on Minor Plaintiff and their Minor Plaintiffs to the Department of Social Services.

107.    As a direct and proximate result of each and every Defendant's failure to report the physical and emotional abuse that Defendants NECC, Dubeck, Dickson, Martin and Langer were inflicting on Minor Plaintiff to the Department of Social Services, physical and emotional abuse of Defendants NECC, Dubeck, Dickson, Martin and Langer towards Minor Plaintiff continued for over nine months causing Minor Plaintiff to suffer physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of his bodily integrity.

## **RELIEF REQUESTED**

WHEREFORE, plaintiffs Jane Doe, ppa Mother Doe and Mother Doe, individually claim judgment against the defendants jointly and severally as follows:

A.     compensatory damages in an amount warranted by the evidence at trial;

B.     punitive damages in an amount warranted by the evidence at trial;

C.     reasonable attorneys' fees and the costs incurred in this action; and,

D.     such other relief as permitted by statute and as this court shall deem fair and equitable.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Respectfully submitted,
Plaintiffs, JOHN DOE, ppa Mother Doe,
MOTHER DOE, individually and
by their attorneys,

Harold Jacobi III (BBO #248980)
Nancy Sue Keller (BBO #644515)
Jacobi & Associates
Four Militia Drive, Suite 14
Lexington, MA 02421
Tel. 781-274-0405

Dated: May 23, 2005

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Doe, ppa Mother Doe and Mother Doe individually

**(b)** County of Residence of First Listed Plaintiff _Middlesex_
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jacobs & Associates, P.A., 4 Militia Dr, #14, Lexington MA 02421  *1-781-274-0405

## DEFENDANTS
Dubeck Kim, Chate Dickson, Richard Martin, Susan Unroger, New England Center for Children, Nashoba Regional School District, Town of Bolton

County of Residence of First Listed Defendant _Unknown_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

*(handwritten watermark: 05-11163 RWZ)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §1983

Brief description of cause:
Teachers' sexual assault/abuse of minor student during school

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/6/05
SIGNATURE OF ATTORNEY OF RECORD _Namyha Volls_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) John Doe, et al., v. Dubeck Kom, et als

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    X    II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐      NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
    YES ☐      NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐      NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐      NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒      NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐      NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Harold Jacobi, III
ADDRESS  Jacobi & Associates, PA, 4 Militia Drive #14, Lexington, MA 02421
TELEPHONE NO.  781-274-0405

(CategoryForm.wpd -5/2/05)