**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**DOCKET NO. 05-11163 RWZ**

| | |
|---|---|
| JOHN DOE, ppa Mother Doe and<br>MOTHER DOE, Individually,<br>    Plaintiffs<br><br>v.<br><br>DUBECK KIM, CHATA DICKSON,<br>RICHARD MARTIN, SUSAN LANGER,<br>NEW ENGLAND CENTER FOR<br>CHILDREN, NASHOBA REGIONAL<br>SCHOOL DISTRICT and TOWN OF<br>BOLTON,<br>    Defendants | ANSWER AND JURY DEMAND OF<br>DUBECK KIM, CHATA DICKSON,<br>RICHARD MARTIN,SUSAN LANGER,<br>AND NEW ENGLAND CENTER FOR<br>CHILDREN |

## PARTIES

1.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 1 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

2.    The defendants admit that Dubeck Kim worked for the New England Center for Children ("NECC") during the pertinent time period but state that Mr. Kim is no longer employed by NECC and his whereabouts are not known to the defendants as he is not a Massachusetts resident.

3.    The defendant denies the allegations contained in paragraph 3 of the plaintiffs' complaint, as Ms. Dickson is no longer employed by NECC, and her place of residence is unknown.

4.    The defendant admits the allegations contained in paragraph 4 of the plaintiffs' complaint.

5.    The defendant admits the allegations contained in paragraph 5 of the plaintiffs' complaint.

6.    The defendant admits the allegations contained in paragraph 6 of the plaintiffs' complaint.

7.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 7 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

8.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 8 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

## JURISDICTION AND VENUE

9.    The defendants admit the allegations contained in paragraph 9 of the plaintiffs' complaint.

10.    The defendants admit the allegations contained in paragraph 10 of the plaintiffs' complaint.

## FACTS

11.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 11 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

12.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 12 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

13.    The defendants admit the allegations contained in paragraph 13 of the plaintiffs' complaint.

14.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 14 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

15.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 15 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

16.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 16 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

17.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 17 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

18.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 18 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

19.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 19 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

20.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 20 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

21.    The IEP referenced speaks for itself and does not require an answer.

22.    The defendant admits that the Defendant School District contracted with NECC to provide an educational program to the Minor Plaintiff for the 2002-2003 school year and that one element of that program was a one-to-one teaching ratio in Minor Plaintiff's day program.

23.    The defendants admit the allegations contained in paragraph 23 of the plaintiffs' complaint.

24.    The defendants admit the allegations contained in paragraph 24 of the plaintiffs' complaint.

25.    The defendants admit that Defendant Dubeck was Minor Plaintiffs "main teacher" and "case manager" for the school year beginning in September 2002 and that Defendant Dubeck as part of his normal duties supervised Minor Plaintiff's trips to the bathroom as in the course of Defendant Dubeck's job responsibilities, but denies all remaining allegations contained in paragraph 25 of the plaintiffs' complaint.

26.    The defendants deny the allegations contained in paragraph 26 of the plaintiffs' complaint.

27.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 27 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

28.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 28 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

29.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 29 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

30.    The defendants admit the allegations contained in paragraph 30 of the plaintiffs' complaint.

31.    The defendants deny the allegations contained in paragraph 31 of the plaintiffs' complaint.

32.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 32 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

33.    The defendants admit that in July of 2003 the Minor Plaintiff's mother brought concerns regarding Defendant Dubeck Kim's alleged conduct to NECC's

3

attention. Further, the defendants are without knowledge as to the truth or falsity of the remaining allegations contained in paragraph 33 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

34.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 34 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

35.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 35 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

36.    The defendants deny that they had a duty to inform the Worcester District Attorney's Office of the allegations contained in paragraph 36 of plaintiffs' complaint. The defendant NECC did notify the Massachusetts Department of Education of the incidents.

37.    The defendants deny the allegations contained in paragraph 37 of the plaintiffs' complaint.

38.    The defendants deny the allegations contained in paragraph 1 of the plaintiffs' complaint.

39.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 39 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

40.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 40 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

41.    The defendants admit that Mother Doe requested the return of numerous items to the Minor Plaintiff, but deny these items were bought or made specifically as educational rewards for Minor Plaintiff by Defendant NECC and its employees including Defendant Dubeck Kim.

42.    The defendants admit the allegations contained in paragraph 42 of the plaintiffs' complaint, as the items in question did not belong to Minor Plaintiff.

43.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 43 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

44.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 44 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

45.    The defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph 45 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

**COUNT I – ASSAULT AND BATTERY**
**as to Defendant Dubeck Kim**

46.    The defendants reincorporate and reallege their answers to paragraphs 1 through 45 as if fully set forth herein.

47.    The defendant denies the allegations contained in paragraph 47 of the plaintiffs' complaint.

48.    The defendant denies the allegations contained in paragraph 48 of the plaintiffs' complaint.

**COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**as to Defendant Dubeck Kim**

49.    The defendants reincorporate and reallege their answers to paragraphs 1 through 48 as if fully set forth herein.

50.    The defendant denies the allegations contained in paragraph 50 of the plaintiffs' complaint.

**COUNT III – NEGLIGENCE**
**as to Defendant Dubeck Kim**

51.    The defendants reincorporate and reallege their answers to paragraphs 1 through 50 as if fully set forth herein.

52.    The defendant admits the allegations contained in paragraph 52 of the plaintiffs' complaint.

53.    The defendant denies the allegations contained in paragraph 53 of the plaintiffs' complaint.

54.    The defendant denies the allegations contained in paragraph 54 of the plaintiffs' complaint.

55.    The defendant denies the allegations contained in paragraph 55 of the plaintiffs' complaint.

**COUNT IV – VIOLATION OF M.G.L. c. 12, § 11I**
**as to Defendant Dubeck Kim**

56.    The defendants reincorporate and reallege their answers to paragraphs 1 through 55 as if fully set forth herein.

57.    The defendant denies the allegations contained in paragraph 57 of the plaintiffs' complaint.

5

58.    The defendant denies the allegations contained in paragraph 58 of the plaintiffs' complaint.

## COUNT V – VIOLATION OF M.G.L. c. 76, § 5
### as to Defendant Dubeck Kim

59.    The defendants reincorporate and reallege their answers to paragraphs 1 through 58 as if fully set forth herein.

60.    The defendant denies the allegations contained in paragraph 60 of the plaintiffs' complaint.

61.    The defendant denies the allegations contained in paragraph 61 of the plaintiffs' complaint.

## COUNT VI – VIOLATION OF 42 U.S.C. § 1983
### as to Defendant Dubeck Kim

62.    The defendants reincorporate and reallege their answers to paragraphs 1 through 61 as if fully set forth herein.

63.    The defendant denies the allegations contained in paragraph 63 of the plaintiffs' complaint.

64.    The defendant denies the allegations contained in paragraph 65 of the plaintiffs' complaint.

65.    The defendant denies the allegations contained in paragraph 65 of the plaintiffs' complaint.

66.    The defendant denies the allegations contained in paragraph 66 of the plaintiffs' complaint.

67.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 67 of the plaintiffs' complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

## COUNT VII – LOSS OF CONSORTIUM (M.G.L. c. 231, § 85X)
### as to Defendant Dubeck Kim

68.    The defendants reincorporate and reallege their answers to paragraphs 1 through 67 as if fully set forth herein.

69.    The defendant denies the allegations contained in paragraph 69 of the plaintiffs' complaint.

### COUNT VIII – INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS
#### as to Defendant Chata Dickson, Defendant Richard Martin
#### and Defendant Susan Langer

70.    The defendants reincorporate and reallege their answers to paragraphs 1 through 69 as if fully set forth herein.

71.    The defendants deny the allegations contained in paragraph 71 of the plaintiffs' complaint.

### COUNT IX – NEGLIGENCE
#### as to Defendant Chata Dickson, Defendant Richard Martin
#### and Defendant Susan Langer

72.    The defendants reincorporate and reallege their answers to paragraphs 1 through 71 as if fully set forth herein.

73.    The defendants admit the allegations contained in paragraph 73 of the plaintiffs' complaint.

74.    The defendants deny the allegations contained in paragraph 74 of the plaintiffs' complaint.

75.    The defendants deny the allegations contained in paragraph 75 of the plaintiffs' complaint.

76.    The defendants deny the allegations contained in paragraph 76 of the plaintiffs' complaint.

### COUNT X – VIOLATION OF 42 U.S.C. § 1983
#### as to Defendant Chata Dickson, Defendant Richard Martin
#### and Defendant Susan Langer

77.    The defendants reincorporate and reallege their answers to paragraphs 1 through 76 as if fully set forth herein.

78.    The defendants deny the allegations contained in paragraph 78 of the plaintiffs' complaint.

79.    The defendants deny the allegations contained in paragraph 79 of the plaintiffs' complaint.

80.    The defendants deny the allegations contained in paragraph 80 of the plaintiffs' complaint.

81.    The defendants deny the allegations contained in paragraph 81 of the plaintiffs' complaint.

82.    The defendants deny the allegations contained in paragraph 82 of the plaintiffs' complaint.

### COUNT XI – LOSS OF CONSORTIUM (M.G.L. c. 231, § 85X)
### as to Defendant Chata Dickson, Defendant Richard Martin
### and Defendant Susan Langer

83.    The defendants reincorporate and reallege their answers to paragraphs 1 through 82 as if fully set forth herein.

84.    The defendants deny the allegations contained in paragraph 84 of the plaintiffs' complaint.

### COUNT XII – NEGLIGENCE
### as to Defendant New England Center for Children,
### Nashoba Regional School District and Town of Bolton

85.    The defendants reincorporate and reallege their answers to paragraphs 1 through 84 as if fully set forth herein.

86.    The defendant admits the allegations as to NECC contained in paragraph 86 of the plaintiffs' complaint.

87.    The defendant denies the allegations as to NECC contained in paragraph 87 of the plaintiffs' complaint.

88.    The defendant denies the allegations as to NECC contained in paragraph 88 of the plaintiffs' complaint.

89.    The defendant denies the allegations as to NECC contained in paragraph 89 of the plaintiffs' complaint.

### COUNT XIII – VIOLATION OF M.G.L. c. 76, § 5
### as to Defendant New England Center for Children,
### Nashoba Regional School District and Town of Bolton

90.    The defendants reincorporate and reallege their answers to paragraphs 1 through 89 as if fully set forth herein.

91.    The defendant denies the allegations as to NECC contained in paragraph 91 of the plaintiffs' complaint.

92.    The defendant denies the allegations as to NECC contained in paragraph 92 of the plaintiffs' complaint.

### COUNT XIV – VIOLATION OF 42 U.S.C. § 1983
### as to all Defendants

93.    The defendants reincorporate and reallege their answers to paragraphs 1 through 92 as if fully set forth herein.

94.    The defendants, NECC, Dubeck Kim, Chata Dickson, Richard Martin and Susan Langer, deny the allegations contained in paragraph 94 of the plaintiffs' complaint.

95.    The defendants, NECC, Dubeck Kim, Chata Dickson, Richard Martin and Susan Langer, deny the allegations contained in paragraph 95 of the plaintiffs' complaint.

96.    The defendants, NECC, Dubeck Kim, Chata Dickson, Richard Martin and Susan Langer, deny the allegations contained in paragraph 96 of the plaintiffs' complaint.

97.    The defendants, NECC, Dubeck Kim, Chata Dickson, Richard Martin and Susan Langer, deny the allegations contained in paragraph 97 of the plaintiffs' complaint.

## COUNT XV – VIOLATION OF M.G.L. c. 258, § 2
### as to Defendants Nashoba Regional School District and Town of Bolton

The allegations contained in paragraphs 98 through 99 of the plaintiffs' complaint are not directed at the defendants NECC, Dubeck Kim, Chata Dickson, Richard Martin or Susan Langer; therefore, a response is not required on their behalves.  To the extent that a response should be required, the defendants are without knowledge concerning the allegations contained in these paragraphs.

## COUNT XVI – VIOLATION OF TITLE IX (M.G.L. c. 119, § 51A)
### as to Defendants Nashoba Regional School District and Town of Bolton

The allegations contained in paragraphs 100 through 103 of the plaintiffs' complaint are not directed at the defendants NECC, Dubeck Kim, Chata Dickson, Richard Martin or Susan Langer; therefore, a response is not required on their behalves.  To the extent that a response should be required, the defendants are without knowledge concerning the allegations contained in these paragraphs.

## COUNT XVII – FAILURE TO REPORT CHILD ABUSE (M.G.L. c. 119, § 51A)
### as to all Defendants

104.    The defendants reincorporate and reallege their answers to paragraphs 1 through 103 as if fully set forth herein.

105.    The defendants admit that they are mandated reporters pursuant to M.G.L. c. 119, § 51A, but deny that NECC, Dubeck Kim, Chata Dickson, Richard Martin or Susan Langer inflicted any emotional or physical abuse on the Minor Plaintiff.

106.    The defendants deny that any abuse was inflicted upon the Minor Plaintiff.

107.    The defendants deny the allegations contained in paragraph 107 of the plaintiffs' complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' complaint should be dismissed because of insufficiency of service and process.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs filed their complaint beyond the applicable statute of limitations and, therefore, are barred from recovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by others over whom these defendants had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recovery by virtue of the Doctrine of Contributory Negligence.

### SIXTH AFFIRMATIVE DEFENSE

Any award to the plaintiffs must be reduced by the percentage of negligence applicable to the plaintiffs in accordance with the Laws and Doctrine of Comparative Negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to recover from these defendants as the defendants had license to engage in certain conduct of which the plaintiffs complain.

### EIGHTH AFFIRMATIVE DEFENSE

The defendants deny that any servant or agent of the defendants caused or contributed to the damages alleged in the plaintiffs' complaint.

### NINTH AFFIRMATIVE DEFENSE

The defendant is a charitable institution and is subject to certain immunity as provided for by statute.

### TENTH AFFIRMATIVE DEFENSE

The defendants discharged their duties to the plaintiff by properly providing services pursuant to the Plaintiff Minor's Individual Education Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendants' conduct complained of by the plaintiffs was thoroughly investigated by the Massachusetts Department of Social Services and the Worcester County District Attorney's Office and the M.G.L. c. 119, § 51A allegations against the defendants were unsupported and found without merit.

### TWELFTH AFFIRMATIVE DEFENSE

The defendants were not acting under the color of state or federal law.

### JURY DEMAND

The defendants demand a trial by jury on all issues so triable.

> Respectfully submitted,
> Defendants, Dubeck Kim, Chata Dickson, Richard Martin, Susan Langer, and New England Center for Children,
> By their attorneys,
>
> CLARK, HUNT & EMBRY
>
> _____
> Henry W. Clark (554464)
> William J. Hunt (244720)
> Joshua D. Krell (561619)
> 55 Cambridge Parkway
> Cambridge, MA 02142
> (617) 494-1920

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 8/19/05 .

_____

11