UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11163RWZ

| | |
|---|---|
| JOHN DOE, PPA MOTHER DOE and MOTHER DOE, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> v. <br><br> NASHOBA REGIONAL DISTRICT DISTRICT, et al <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANT NASHOBA REGIONAL DISTRICT DISTRICT'S MEMORANDUM I SUPPORT OF ITS MOTION TO DISMISS

Now comes the Defendant, Nashoba Regional School District ("the District") and respectfully requests that this Honorable Court grant the District's Motion to Dismiss. In supp of its position, the District files this Memorandum of Law.

I.  OVERVIEW

John Doe ("Minor Doe") and Mother Doe (collectively referred to as "Plaintiffs"), file the instant action against the District asserting the following claims: (a) Count XII (Negligence); (b) Count XIII (Violation of M.G.L. ch. 76, § 5); (c) Count XIV (Violation of 4 U.S.C. § 1983); (d) Count XV (Violation of M.G.L. ch. 258, § 2); (e) Count XVI (Violation o Title IX (M.G.L. ch. 119, § 51A)); and (f) Count XVII (Failure to Report Child Abuse (M.G.I ch. 119, § 51A). The District submits that Plaintiffs' Complaint should be dismissed for failu to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b)(6).

As can be seen from the Complaint, the instant action arises from the actions of Dubeck Kim ("Defendant Kim") and various other employees of the New England Center for Children Southboro, Massachusetts ("the Center"), during performance of Defendant Kim's job duties a teacher and case manager at the Center. The Center is a private school which specializes in the education of students on the autism spectrum. Mother Doe has alleged that Defendant Dubeck committed various acts of harassing and abusive conduct while Minor Plaintiff was going to school at the Center. The only relation the District has to the instant matter is that District personnel referred Minor Doe to the Center for his education as a special needs student pursua to the Individuals with Disabilities Act (IDEA) and M.G.L. c. 71B, and their implementing regulations, and then allegedly did not report the harassing and abusive behavior after the District was allegedly put on notice. Due to the District's attenuated relationship with the Mir Doe at the time of the alleged harassment, the undisputed facts as set forth on the face of the Complaint clearly evidence that the Plaintiffs' claims against the District are insufficient as a matter of law.

II.   FACTS[1]

In support of their claims, Plaintiffs allege that the District is a political subdivision of Commonwealth of Massachusetts, duly incorporated under the laws of Massachusetts. Complaint, ¶ 7. Defendant Dubeck Kim ("Defendant Dubeck") is an employee of the New England Center for Children ("the Center") and was the main teacher and case manager of Mi Plaintiff. Complaint, ¶ 2. Chata Dickson ("Defendant Dickson") is the Program Specialist at Center who was responsible for the educational program of Minor Plaintiff. Complaint, ¶ 3.

---

[1] For purposes of the instant motion only, Defendants do not dispute the facts averred by Plaintiffs in the Compla

2

Richard Martin ("Defendant Martin") is an employee of the Center and is the Center's Personn Director. Complaint, ¶ 4. Susan Langer ("Defendant Langer") is the Program Director at the Center and was responsible for Minor Plaintiff's educational program. Complaint, ¶ 5. Durin all or a portion of the period pertinent to the Complaint, Defendant Dubeck, Defendant Dickso Defendant Martin and Defendant Langer were employed by the Center. Complaint, ¶ 23.

Minor Doe has been evaluated as a student having special needs. Complaint, ¶ 13. Minor Doe's IEP called for a one-on-one educational program. Complaint, ¶ 21. As required 603 CMR sect. 28.06 (2)(e), when the IEP TEAM has determined that a student requires an ou of-district placement, the District contracted with the Center to provide a one-on-one educatior program to Minor Doe for the 2002-2003 school year. Complaint, ¶ 22. During this time, Defendant Dubeck allegedly harassed and abused Minor Doe by giving him coffee, going to tl bathroom with him, flashing his penis at him, encouraging Minor Doe to flash his penis, bendi Minor Doe's finger backwards, putting his hands on Minor Doe's neck and scratching his necl and kicking Minor Doe in the back. Complaint, ¶ 25. While at the Center, Minor Doe was allegedly denied access to his personal belongings, was denied "rewards" if he failed any of sixteen (16) feats, was given inappropriate rewards, and was videotaped without permission. Complaint, ¶ 26. In or about January of 2003, Mother Doe asked the District to look for a nev school and District personnel agreed. Complaint, ¶ 27.

On or about July 14, 2003, Minor Doe came home without his shorts on and wearing o his boxer shorts. Complaint, ¶ 30. When Minor Doe reacted negatively to Defendant Dubeck actions, Minor Doe allegedly was restrained by employees of the Center. Complaint, ¶ 31. A: result of Defendant Dubeck's conduct, Minor Doe has allegedly suffered emotional trauma as

evidenced by chronic constipation, unprecipitated verbal outburst, excessive emotional respon

such as frequent crying and vastly increased nail biting. Complaint, ¶ 32.

In or about July of 2003, Mother Doe reported her concerns regarding Defendant Dubeck's conduct towards the Minor Plaintiff to the Center and the District. Complaint, ¶ 33. On or about September 3, 2003, Mother Doe advised the District of her concerns that the Distr failed to provide Minor Plaintiff with an educational program that met the requirements of Mi Plaintiff's IEP and requested an investigation pursuant to M.G.L. ch. 258, § 4. On or about September 3, 2005, the District responded by denying "any wrongdoing or noncompliance wit regard to [Minor Plaintiff's] educational program". Complaint, ¶ 35. Despite being put on notice of Defendant Dubeck's conduct towards Minor Plaintiff, none of the defendants notifie the Worcester District Attorney's Office or the Commonwealth of Massachusetts' Department Education. Complaint, ¶ 36. Defendants refused to take remedial steps to prevent Defendant Dubeck's conduct and denied that Minor Plaintiff was abused in any way. Complaint, ¶ 37.

III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon wh relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a Court must accept as the facts alleged in the complaint and all reasonable inferences that can be drawn from th Fed. R. Civ. P. 12(b)(6); <u>Blank v. Chelmsford Ob/Gyn, P.C.</u>, 420 Mass. 404, 407 (1995). evaluating the allowance of a motion to dismiss, a court is guided by the principle tha complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of f in support of his claim which would entitle him to relief. <u>Nader v. Citron</u>, 372 Mass. 96 (1977). Nevertheless, a court need not credit a plaintiff's "bald assertions" or "l

4

conclusions" when deciding a motion to dismiss. See Morse v. Lower Merion Schl. Dist., 13. 3d 902, 906 (3d Cir. 1997).

IV.  **ARGUMENT**

As demonstrated below, the Plaintiffs' entire complaint must be dismissed because noi of the counts state claims on which relief can be granted as to Defendant District. Each of the plaintiff's claims allegedly arose out of actions that took place *at the Center by employees of t. Center*. As a result, the Plaintiffs' claims are simply insufficient as a matter of law to support claims against the District. First, Plaintiff's negligence claims (Counts XII and XV) are barre under section 10J of the Massachusetts Torts Claims Act. Second, Count XIV (Violation of 4 U.S.C. § 1983) must be dismissed because it is preempted by Title IX and the IDEA, there is supervisory liability under § 1983, the actions of a non-state actor cannot lead to the liability c the District, nor does the District's conduct rise to the egregious or conscience-shocking level that might permit liability under § 1983. Further, because Count XIV is preempted by the IDI Plaintiffs have failed to exhaust their administrative remedies. Third, Count XVI (Violation o Title IX must be dismissed because a Title IX action against the District cannot be premised o the actions of Defendants employed by the Center, as the District does not have sufficient con over these individuals. Further, Title IX only applies to the recipient of federal funds, and the complaint does not allege that the Center is a recipient of federal funds; therefore, the District cannot be liable under Title IX for the actions of the Center's employees, when the Center itse could not be liable under for the same conduct. Fourth, Count XVII (Failure to Report Child Abuse (M.G.L. ch. 119, § 51A)) must be dismissed because there is no private right of action under the statute. Finally, Count XIII (Violation of M.G.L. ch. 76, § 5) must be dismissed

because the Complaint alleges discrimination on the basis of attendance at a private institution not a public school.

    A.    <u>Plaintiff's negligence claims (Counts XII and XV) and are barred under section 10J of the Massachusetts Tort Claims Act</u>

The Plaintiffs' claims against the District are barred by the immunities set out in section 10 J of the Massachusetts Tort Claims Act ("MTCA").[2] <u>See</u> M.G.L. c. 258, § 10(j). This sect exempts from the MTCA "any claim based on an act or failure to act to prevent or diminish th harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting behalf of the public employer." M.G.L. c. 258, § 10(j); <u>see also</u> <u>Willhauck v. Town of Mansfield</u>, 164 F. Supp. 2d 127, 139 (D. Mass. 2001); <u>Doe v. Old Rochester Regional Schl. Dist., Gardner, Walsh and Shockro</u>, 56 F. Supp. 2d 114, 120 (D. Mass 1999); <u>Brum v. Dartmouth</u>, 428 Mass. 684, 691 (1999). Since § 10(j) was enacted, the Court has noted that it in effect, a "statutory public duty rule providing governmental immunity." <u>See</u> <u>Brum</u>, 428 Ma at 689 (citing <u>Carleton v. Framingham</u>, 418 Mass. 623, 627 (1994)). "It is clear, therefore, tha 10(j) was intended to provide some substantial measure of immunity from tort liability to government employers." <u>Brum</u>, 428 Mass. at 689. The Court has noted the importance of determining immunity issues early if immunity is to serve one of its primary purposes: to pro public officials from harassing litigation. <u>See</u> <u>Brum</u>, 428 Mass. at 689.

Any and all injuries sustained by the Plaintiffs were the result of actions committed by Defendants Dubeck, Dickson, Martin and Langer while they were employed by the Center an

---

[2] Because the Plaintiffs' negligence claim is premised upon actions taken by a public employer (as acknowledge paragraph 7 of the Complaint), it must be analyzed under the Massachusetts Tort Claims Act. <u>See</u> MGL ch. 258 (noting that "The remedies provided by this chapter shall be exclusive of any other civil action or proceeding.")

6

should thus be barred under § 10J. See Complaint, ¶¶2-5, 23 (affirming that Defendants Dube Dickson, Martin and Langer were employees of the Center); Willhauck, 164 F.Supp. 2d at 139 Brum, 428 Mass. at 691. Defendants Dubeck, Dickson, Martin and Langer were in no way, shape or form, employees of the District. See Complaint, ¶2-5, 23. Thus, the Plaintiffs' negligence claims against the District must be dismissed under the MTCA, as the District did "originally cause" the alleged tortuous behavior of these individuals. See Brum, 428 Mass. at 696.

The principal purpose of §10(j) of the Act is to exclude public employers from liability for an act or failure to act to prevent or diminish harm, including harm brought about by the wrongful act of a third party. See id. at 696. In Brum, like the case at bar, the Plaintiffs contended "that the neglect of duty by the District officials . . . 'originally caused' the 'condition[s] or situation[s]' of which either the killers' acts or the death of their victim were ' harmful consequences." Id. at 692 (In Brum, the son of the plaintiff was stabbed to death at Dartmouth High School by three armed individuals, at least one of whom was not a student at District). The Massachusetts Supreme Judicial Court rejected this contention finding:

> But if a neglect of duty can be taken to "originally cause" such a "situation," then the opening words of § 10(j), immunizing "act[s] or failure[s] to act to prevent," which we take to announce the provision's principal purpose, would be virtually read out of the provision.

Id. at 692-93. Therefore, in Brum, the public employer was entitled to dismissal of the wrong death actions as it was immune from suit under the MTCA. Id. Similarly, the Plaintiffs' clair that the District was negligent by "failing to protect Minor Plaintiff from the physical and emotional abuse of Defendants Dubeck, Dickson, Martin and Langer" are immunized under

§10(j) of the Act, as the District did not "originally cause" these actions. See Complaint, ¶ 87; Willhauck, 164 F. Supp. 2d at 139 (finding that the Defendants could not be held liable for merely failing to supervise under Brum's expansive view of § 10J immunity); Doe v. Old Rochester, 56 F. Supp. 2d at 120 (dismissing negligence and negligent infliction of emotional distress claims against District where District did not "originally cause" Shockro's sexual abus[e] of Doe by employing him and failing to investigate or report allegations that he had sexually assaulted girls); Boye v. Nashoba Reg'l Schl. Dist., 2002 Mass Super. LEXIS 363 at *3 (findi[ng] the failure to prevent a danger, even a known danger, is statutorily exempt from liability becau[se] otherwise, "practically every failure to prevent a danger might be recast as originally causing [the] dangerous condition, and the exception would swallow the rule.") Thus, Counts XII and XV of the Complaint should be dismissed. See id.; see also Canty v. Old Rochester Regional Schl. Dist., 54 F. Supp. 2d 66, 70-71 (D. Mass. 1999).

B.     Count XIV (Violation of 42 U.S.C. § 1983) must be dismissed.

"Properly construed, section 1983 'supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by fed[eral] law." Frazier v. Fairhaven Schl. Comm., 276 F. 3d 52, 57 (1st Cir. 2002). To state a claim un[der] § 1983, a plaintiff must allege an act or omission which deprived her/him of a federally-prote[cted] right. Nieves v. McSweeney, 241 F. 3d 4, 53 (1st Cir. 2001). The Plaintiffs appear to be claiming as a basis for their section 1983 claims a constitutionally-based substantive due proc[ess] right to be free from bodily injury protected by the Fourteenth Amendment and a federally

---

[3] In Count XII, the Plaintiffs have alleged that the District is liable, *as an employer* of the Center, Dubeck, Lange[r,] Dickson and Martin, for the harassing and abusive conduct of those defendants. However, the District is not the employer of any of these individuals, and the Plaintiffs have admitted as much in the Complaint. See Complaint 2-5, 23 (affirming that Defendants Dubeck, Dickson, Martin and Langer were employees of the Center). Thus, t[his] claim can be disposed of under § 10(j) of the MTCA, as the District did not "originally cause" these actions. Se[e] Willhauck, 164 F. Supp. 2d at 139; Doe v. Old Rochester, 56 F. Supp. 2d at 120.

8

protected right under Title IX, as the Complaint alleges, "Minor Plaintiff has been deprived by the Defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including, without limitation, his right to be free fr intrusions into his bodily integrity and to a public education." Complaint, ¶ 95. To the extent the Plaintiffs are claiming a section 1983 action grounded upon Title IX rights (or equal protection rights), their claims are preempted by Title IX's comprehensive enforcement schem Likewise, to the extent that their claims are based upon Minor Doe's status as a disabled individual entitled to services under the IDEA, it is preempted by the IDEA, and Plaintiffs hav failed to exhaust their administrative remedies. To the extent the Plaintiff is claiming a constitutionally-based substantive due process right to be free from bodily injury protected by the Fourteenth Amendment, this claim must be dismissed because there is no supervisory liability under § 1983, nor does the District's conduct rise to the egregious or conscious-shock level that might permit liability under § 1983.

    1.    <u>The Plaintiffs' §1983 claim based upon the right to an education are precluded by the comprehensive remedial scheme set forth in Title IX.</u>

The Plaintiffs' claim under 42 U.S.C. § 1983 against the District should be dismissed because § 1983 is preempted by Title IX. See <u>Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n</u>, 453 U.S. 1, 20 (1981); <u>Canty</u>, 54 F. Supp. 2d at 73-74. In <u>Canty</u>, the Co was faced with a case involving allegations similar to those on hand. <u>See</u> 54 F. Supp. 2d at 67 The student in that case sued the district and supervisory employees, seeking compensatory an punitive damages arising from her alleged rape by an athletic coach, while she claimed that various individuals at the District had knowledge of the coach's sexual harassment and abuse other female students in the past. <u>See id.</u> at 68. The student, Kristen Canty ("Canty"), brough

compensatory and punitive damages under Title IX, 20 U.S.C. §1681 and 42 U.S.C. § 1983, in addition to bringing claims under the MTCA, which were dismissed as discussed above.

In analyzing whether the district could be found liable under § 1983 where Canty had also brought a claim under Title IX, the Canty court looked to the powerful doctrine of preclusion. See Canty, 54 F. Supp. 2d at 73-74. In Sea Clammers, the Supreme Court held fo the first time that "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy c suits under § 1983." See 453 U.S. at 20 (ruling that a § 1983 action was precluded by the Maritime Protection, Research and Sanctuaries Act and Federal Water Pollution Control Act, both of which permit private rights of action against "any person"). The Canty court reasoned that under the Sea Clammers doctrine, the "remedial devices" provided in Title IX are "sufficiently comprehensive" to preclude a section 1983 action arising out of the same factual circumstances. See Canty, 54 F. Supp. 2d at 75; Doe v. Town of Bourne, 2004 WL 1212075 : 10 (D. Mass. 2004). In Canty, the Court noted that such an argument was "supported by the opinions of three United States Courts of Appeals that have discerned a Congressional intent t preclude suit under section 1983." See Canty, 54 F. Supp. 2d at 75 (citing Bruneau v. South Kortright Central Schl. Dist., 163 F.3d 749, 757 (2d Cir. 1998), cert. denied 526 U.S. 1145; W v. Merrill Area Public Districts, 91 F.3d 857, 862-63 (7th Cir. 1996); Williams v. Schl. Dist. o Bethlehem, 998 F. 2d 168, 176 3rd Cir. 1993), cert. denied 510 U.S. 1043).

The Canty court then looked to the Supreme Court's more recent decision in Smith v. Robinson, in which the Supreme Court determined that the Education of Handicapped Act, 2( U.S.C. §§1400 et seq., precluded suit under section 1983 even though it *did not* include any

express or implied right of action whatsoever. See Canty, 54 F. Supp. 2d at 76 (citing Smith, 469 U.S. 992, 1011-13 (1984)). The Canty Court stated that Smith "apparently only requires an effective administrative or procedural remedy to justify implicit preclusion of suit under section 1983-the statute need not provide an express or implied right of action." Id. at 76-77. The court further reasoned, "This Court cannot fairly rule that Title IX does not provide a remedy equivalent to that available in Smith, especially in light of the implied right of action and the allowance of punitive damages against municipalities (not to mention the available administrative remedies." Id. Therefore, the Canty court held that Title IX prohibited Canty from bringing suit under § 1983, and the court dismissed Canty's § 1983 claims. See id. at 76 (citing Nelson v. Univ. of Maine Sys., 914 F. Supp. 643, 648 (D. Me. 1996) (ruling that Title precludes suit under section 1983)). This Court should similarly dismiss Plaintiffs' § 1983 claims because Title IX prohibits the Plaintiffs from bringing suit under § 1983. See id.; see a Doe v. D'Agostino, 367 F. Supp. 2d 157, 170 (D. Mass. 2005) (finding that plaintiff's § 1983 claims predicated on Title IX and substantive due process right to bodily integrity against the members of the Arlington School Committee are preempted by Title IX); Doe v. Town of Bourne, 2004 WL 1212075 at *10 (dismissing plaintiff's § 1983 claims premised upon equal protection violations or violations of Title IX because they were precluded by Title IX's comprehensive enforcement scheme).

    2.    **The Plaintiff's § 1983 claim based upon the right to be free from bodily injury must be dismissed because there is no supervisory liability under 1983, nor does the District's conduct rise to the egregious or conscience shocking level that might permit liability under § 1983.**

Even if the Plaintiffs' section 1983 violations as a result of Minor Plaintiff's right to b free from intrusion into his bodily integrity are not preempted by Title IX, such a claim must l

dismissed because individuals at the District did not participate in the allegedly harassing conduct and supervisory liability under § 1983 cannot be predicated on a respondeat superior theory. See Doe v. D'Agostino, 367 F. Supp. 2d at 170; Doe v. Town of Bourne, 2004 WL 1212075 at * 5 (D. Mass. 2004). In a case with facts very similar to the facts on hand, a stude who was sexually assaulted while at school and subsequently harassed by peers brought a clai against school administrators alleging that the school officials did not take any action to prote her. See 2004 WL 1212075 at * 1. The Bourne court stated that a constitutional right to bodil integrity could not be based on any affirmative acts by the school employees, as Doe's compl: in no way alleged that District employees had directly harmed or otherwise harassed her. See Similarly, the instant case does not allege that individuals at the District directly harmed or otherwise harassed Minor Plaintiff. See id. The Bourne Court stated that the only basis for a 1983 claim on the facts alleged in the complaint was that the school employees failed to act in supervisory roles. Similarly, the instant action can only be based upon the District's supervis role (even though the District did not exercise supervision over employees of the Center). However, "[s]upervisory liability under § 1983 cannot be predicated on a respondeat superior theory, but only on the basis of the supervisor's own acts or omissions." See id. (citing Apont Matos v. Toledo Dávila, 135 F.3d 182, 192 (1st Cir. 1998). Moreover, supervisory liability attaches only if (1) the behavior of subordinates results in a constitutional violation, and (2) th supervisors' action or inaction was affirmatively linked to the behavior in that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligenc amounting to deliberate indifference. See id. (citing Seekamp v. Michaud, 109 F. 3d 802, 80£ (1st Cir. 1997)). The indifference required to support § 1983 supervisory liability must be

"deliberate, reckless or callous" and the requisite "affirmative link" "contemplates proof that t supervisor's conduct led inexorably to the constitutional violation." See id. (citing Guiterrez-Rodriguez v. Cartagena, 882 F. 2d 553, 562 (1st Cir. 1998); Hegarty v. Somerset County, 53 F 3d 1367, 1380 (1st Cir. 1995)).

Under these standards, the District cannot be held liable under a § 1983 theory as a ma of law because the District did not exercise control over the employees of the Center who wer allegedly responsible for the harassing conduct, nor did the District encourage or condone acts employees of the Center. Thus, due to the District's attenuated connection with the employee the Center who were allegedly responsible for harassment, the Plaintiffs' § 1983 claim must b dismissed. See Doe, 2004 WL 1212075 at * 6 (dismissing § 1983 claims because the complai fell short of alleging the requisite "affirmative link" or "indifference" to support supervisory liability, nor was there any subordinate liability).

Moreover, the availability of a § 1983 claim arising from injuries caused by the intentional tortuous conduct of third parties was greatly curtailed by the Supreme Court's decision in DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189 (1989)). Se id. "The government is under no general constitutional duty to protect individuals from the harmful conduct of third parties." See Willhauck, 164 F. Supp. 2d at 132 (citing DeShaney. 4 U.S. 189 (1989)). There are two exceptions to this general rule. See id. The first exception applies where the state has assumed custody over an individual and, by reason of the deprivati of his liberty, the individual is unable to care for himself. See id. The second exception appli where the government affirmatively acts to increase the threat of harm to the injured party. S id. The first exception would not apply in the instant case because Minor Plaintiff "was not ir

the sort of custodial special relationship that would give rise to an affirmative duty to protect h from the tortuous conduct of third parties." See Willhauck, 164 F.Supp. 2d at 133 (noting that almost every federal court to have faced the issue of whether children mandated to attend scho by the compulsory attendance law are in a special relationship, has held that, because parents s maintain primary responsibility for the child, compulsory school attendance does not create th sort of special relationship that would trigger heightened protection under the due process clause); Doe, 2004 WL 1212075 at * 7 (noting that the Does had not alleged any specialized facts that give rise to a custodial relationship between themselves and defendants).

The second exception, the state-created danger exception, similarly fails as a matter of law because the conduct of the District does not rise to the egregious or conscience-shocking level that might permit liability under § 1983. Liability under the state-created danger doctrin only available where "a government employee, in the rare and exceptional case, affirmatively acts to increase the threat of harm to the claimant or affirmatively prevents the individual from receiving assistance." See Willhauck, 164 F. Supp. 2d at 135. Even where the government ha created or markedly increased a risk of harm, no violation of substantive due process occurs unless "the behavior is conscience-shocking or outrageous." See id. (citing Hasenfus v. LaJeunesse, 175 F. 3d at 68, 73 (1st Cir. 1999)). The only conduct at issue in the instant case i the District's inaction, including their failure to investigate or prevent the harassment after Mother Doe reported her concerns in July of 2003. See Complaint, ¶ 37 (alleging a failure to take remedial steps to prevent the alleged harassment). "Such conduct . . . is a far cry from th type of government action that is sufficiently outrageous, uncivilized, or intolerable to trigger substantive due process constraints". Willhauck, 164 F. Supp. 2d at 135. As in DeShaney, "

most that can be said of the state functionaries in this case is that they stood by and did nothing when suspicious circumstances dictated a more active role for them." See 489 U.S. at 203. Thus, because, the allegations in the Complaint do not satisfy the "extremely high burden of showing that the defendants violated rights protected by the Constitution", Plaintiffs' § 1983 claim must be dismissed as a matter of law. See Willhauck, 164 F. Supp. at 135.

> C. Count XVI (Violation of Title IX must be dismissed because a Title IX action against the District cannot be premised on the actions of Defendants employed by the Center, as the District does not have sufficient control over these individuals

The District does not have the requisite level of control over employees of the Center f a claim based upon Title IX to stand, thus the Plaintiffs' Title IX claims must be dismissed as matter of law. The Plaintiffs have alleged a Title IX violation on the basis of the District's failure "to prevent and/or protect Minor Plaintiff from the physical and emotional abuse of Defendants NECC, Dubeck, Dickson, Martin and Langer despite having notice of their physic and emotional abuse of minors and Minor Plaintiff."[4] Complaint, ¶ 101. Such an allegation is simply insufficient as a matter of law to state a Title IX claim against the District. See Davis Monroe County Board of Education, 526 U.S. 629, 644 (1999). In Davis, the Supreme Court considered whether a district's failure to respond to student-on-student sexual harassment in it Districts can support a private suit for money damages. See id. at 639. The Supreme Court stated,

> We agree with respondents that a recipient of federal funds may be liable in damages under Title IX only for its own misconduct. The recipient itself must exclude persons from participation in, . . . deny persons the benefit of, or . . . subject persons to discrimination under its programs or activities in order to be

---

[4] Defendants also submit that much of the conduct alleged in the complaint does not constitute "sexual harassmer as required by Title IX.

15

> liable under Title IX. The Government's enforcement power may only be exercised against the funding recipient, see § 1682, and we have not extended damages liability under Title IX to parties outside the scope of this power.

See id. at 641. Accordingly, the Supreme Court rejected the use of "agency principles to impu[te] liability to the district for the misconduct of its teachers." See id. at 642 (citing Gebser v. Lago Vista Independent Schl. Dist., 524 U.S. 274, 283 (1998)). . The Supreme Court also rejected premise of imposing liability under what amounted to a negligence standard—holding the dist[rict] liable for its failure to react to teacher-student harassment of which it knew or *or should have known*. Id. Rather, a district could only be liable for damages where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts o[f] harassment of which it had actual knowledge. Id. Thus, the Supreme Court employed the "deliberate indifference" theory already used to establish municipal liability under 42 U.S.C. §1983. See id.

In Davis, the Supreme Court held that in certain limited circumstances, deliberate indifference to known acts of harassment could constitute an intentional violation of Title IX, only where the funding recipient has some control over the alleged harassment. See Davis, 52[6] U.S. at 643-44. The Supreme Court noted that the identity of the harasser was clearly relevant such an inquiry, as the Court stated,

> [B]oth the "deliberate indifference" standard and the language of Title IX narrowly circumscribes the set of parties whose known acts of sexual harassment can trigger some duty to respond on the part of funding recipients. Deliberate indifference makes sense as a theory of direct liability under Title IX only where the funding recipient has some control over the alleged harassment. A recipient cannot be directly liable for its indifference where it lacks the authority to take remedial action... The statute's plain language confines the scope of prohibited conduct based on the recipient's degree of control over the harasser and the environment in which the harassment occurs... Moreover, because the harassment must occur "under" "the operations of" a funding recipient, see 20

> U.S.C. § 1681 (a) . . . the harassment must take place in a context subject to the District district's control.

Id. at 644-45. "These factors combine to limit a recipient's damages liability to circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs." Id. at 645. The Supreme Court applied this analysis to misconduct of students that occurs during school hours and on school grounds and found that these circumstances, the funding recipient retains substantial control over the context in which the harassment occurs. Id. at 646. The Supreme Court also stated that more importantly, in the setting the funding recipient exercised significant control over the harasser. Id. Thus, the Court concluded that recipients of federal funding may be liable for subjecting their students to discrimination where the recipient is deliberately indifferent to known acts of student-on-student sexual harassment and the harasser is under the District's disciplinary authority. Id. at 646-47

Applying the standards set forth in the Davis decision to the instant action makes it clear that the District cannot be held liable under Title IX on the basis of any alleged failure to act upon reports of harassment at the Center because the District did not have control over either the harasser or the context in which the harassment occurred. On the face of the Complaint, it is clear that the District did not exercise any control, let alone significant control, over the Defendant Dubeck, an employee of the Center, or any of the other alleged harassers at the Center. See Complaint, 2-5, 23. Further, the District did not retain substantial control over the context in which the harassment occurred, the Center. Thus, because the District did not exercise significant control over the harasser or retain substantial control over the context in which the harassment occurred, the Plaintiff's Title IX claims must be dismissed against the District as a matter of law. See Davis, 526 U.S. at 646-47; see also Doe v. D'Agostino, 367 F. Supp. 2d at

17

164 (noting that a District official authorized to take corrective action must have actual knowledge of the harassment yet exhibit deliberate indifference to it in order to state a Title IX claim).

      D.    <u>Count XVII (Failure to Report Child Abuse (M.G.L. ch. 119, § 51A)) must be dismissed because there is no private right of action under the statute.</u>

The Plaintiff's 51A claim must be dismissed because there is no private right of action under the statute. See M.G.L. ch. 119, § 51A. A reading of the statute makes it clear that the statute does not contain language that gives individuals a private right of action. See id. The statute specifically provides, "No person so required to report shall be liable in any civil or criminal action by reason of such report. No other person making such report shall be liable in any civil or criminal action by reason of such report if it was made in good faith; provided, however, that such person did not perpetrate or inflict said abuse or cause said neglect." See id. Thus, the statute makes it clear that individuals are not civilly or criminally liable for their fail to report, nor are individuals who make such a report civilly or criminally liable if they make a report in good faith. See id. Rather, individuals who are required to make such reports and w fail to do so can be fined, as the statute specifically provides, "Any such person so required to make such oral and written reports who fails to do so shall be punished by a fine of not more than one thousand dollars." See id. Thus, the Plaintiff's claim that the District violated M.G.I ch. 119, § 51A must be dismissed as the District cannot be civilly or criminally liable for any alleged failure to report. See id.

Moreover, in a case with facts similar to the case on hand, <u>Mattingly v. Casey</u>, a father a deceased child brought a claim against school personnel alleging that the classroom teacher,

nurse and school principal failed to comply with M.G.L. ch. 119, § 51A's mandate to immediately report a likely case of child abuse. See 24 Mass. App. Ct. 452, 455 (1987). The Court noted that M.G.L. ch. 119, § 51A "does not require the reporting of every bruise; it requires reporting on the basis of indicators which give reasonable cause to believe that a child being abused. That conclusion requires an element of judgment . . ." See id. at 456. The Cou stated that defendants, as public officials, could only be liable for misfeasance (the improper doing of an act which a person might lawfully do), while the gravaman of the complaint was nonfeasance (the omission of an act which a person ought to do). See id. Since the essence of the complaint was that the defendants did not do something which they ought to have done, th defendants as public officials were therefore not liable. See id. Thus, the Court held that the District personnel were not liable to the estate of the child who died of child abuse for failure t comply with § 51A's immediate reporting of likely cases of child abuse. See id. The Plaintiff claim that District officials violated M.G.L. ch. 119, § 51A should similarly be dismissed. Se id.

    E.    <u>Count XIII (Violation of M.G.L. ch. 76, § 5) must be dismissed because the Complaint alleges discrimination on the basis of attendance at a private institution, not a public District.</u>

The Plaintiff's claim for a violation of M.G.L. ch. 76, § 5 must be dismissed because tl Complainant has in no way identified any discrimination on the part of a public District on the basis of Minor Doe's sex. M.G.L. ch. 76, § 5 provides, in pertinent part, "No person shall be excluded from or discriminated against in admission <u>to a public District</u> of any town, or in obtaining the advantages, privileges and courses of study of such public District on account of race, color, sex, religion, national origin or sexual orientation." The Complaint alleges, "The

failure of . . . [the] District District to protect Minor Plaintiff from the harassing and abusive conduct of Defendants Dubeck Dickson, Martin and Langer violated Minor Plaintiff's right under M.G.L. ch. 76, § 5 to nondiscrimination in his attendance <u>at the Defendant NECC.</u>" The Complaint is facially defective because it does not detail any action on the part of District officials whatsoever that can be construed as discrimination on the basis of sex against Minor Plaintiff. More importantly, the Complaint alleges discrimination in attendance at the Center, not the District. Since the Center is a private institution and not a public school as would be covered by the statute, Plaintiffs' claim must be dismissed as a matter of law.

<u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs' claims should be dismissed as a matter of law.

Respectfully submitted,
NASHOBA REGIONAL SCHOOL DISTRICT
By Its Attorneys,

_____
Regina Williams Tate, BBO # 492780
Jennifer N. Geosits, BBO # 651709
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126

Dated: September 12, 2005     Telephone: (617) 479-5000

<u>CERTIFICATE OF SERVICE</u>

I, Regina Williams Tate, do hereby certify that I have forwarded a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss by first class mail, postage prepaid, to attorney for the Plaintiffs, Nancy Sue Keller, Jacobi & Associates, P.A., 4 Militia Dr., # 14, Lexington, MA 02421.

_____     _____
Dated                                Regina Williams Tate

20