### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-1163RWZ

| | |
|---|---|
| JOHN DOE, PPA MOTHER DOE and MOTHER DOE, INDIVIDUALLY, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| NASHOBA REGIONAL SCHOOL DISTRICT, et al | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT TOWN OF BOLTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Now comes the Defendant, Town of Bolton, ("the Town") and asks this

Honorable Court to grant the Town's Motion to Dismiss.  In support of its position, the

School files this Memorandum of Law.

I.    OVERVIEW

John Doe ("Minor Doe") and Mother Doe (collectively referred to as "Plaintiffs"),

filed the instant action against the Town of Bolton (hereinafter "the Town"), asserting the

following claims: (a)  Count XII (Negligence); (b) Count XIII (Violation of M.G.L. ch.

76, § 5); (c) Count XIV (Violation of 42 U.S.C. § 1983); (d) Count XV (Violation of

M.G.L. ch. 258, § 2); (e) Count XVI (Violation of Title IX ); and (f) Count XVII (Failure

to Report Child Abuse (M.G.L. ch. 119, § 51A).  The Town submits that Plaintiffs'

Complaint should be dismissed for failure to state a claim upon which relief can be

granted pursuant to Fed. R. Civ. P. 12 (b)(6) because the Town's only involvement in the case is that the Plaintiff lived in the Town.    Para. 1 of the Complaint

II.    ARGUMENT[1]

      The Town of Bolton is not responsible for Minor Plaintiff's education because the Town of Bolton is part of Nashoba Regional School District, and the Town of Bolton must therefore be dismissed from the instant action.  As can be seen from the attached Regional School District Agreement, at an election in 2001, voters of the Town of Bolton voted to become part of the Nashoba Regional School District.  See Exhibit 1, (Nashoba Regional School District Agreement).  Pursuant to M.G.L. ch. 71, § 16, a regional school district is "a body politic and corporate with all the powers and duties conferred by law upon school committees, and with the following additional powers and duties. . . (b) to sue and be sued, but only to the same extent and upon the same conditions that a town may sue or be sued."  See M.G.L. ch. 71, § 16.  The special education regulations specifically provide that the school district where the parent(s) or legal guardian resides shall have both programmatic and financial responsibility when a student whose IEP requires an out of district placement lives and receives special education services at a special education residential school.  See 603 CMR 28.10 (3)(b).  Those same regulations make it clear that the special education regulations apply to a regional school district, just as they do to a local school district.  Thus, once the Town of Bolton entered the Nashoba Regional School District, the Regional School District became responsible for Minor Plaintiff's educational needs.

---

[1] For purposes of the instant motion only, Defendants do not dispute the facts averred by Plaintiffs in the Complaint.

The Complainant has brought the instant action against both the Town of Bolton and the Nashoba Regional School District, even though only the Nashoba Regional School District is responsible for Minor Doe's education. Thus, the Town of Bolton should be dismissed from the instant action. See Doe v. Town of Blandford, 402 Mass. 831, 834-36 (1988) (concluding that the regional school district, not the towns that agreed to form the district was the "public employer" within the meaning of the Massachusetts Tort Claims Act).

V.    CONCLUSION

For all the foregoing reasons, Plaintiffs' claims against the Town of Bolton should be dismissed as a matter of law.

Respectfully submitted,
TOWN OF BOLTON
By Its Attorneys,

Regina Williams Tate, BBO # 492780
Jennifer N. Geosits, BBO # 651709
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
Dated:  September 12, 2005                        Telephone: (617) 479-5000

CERTIFICATE OF SERVICE

I, Regina Williams Tate, do hereby certify that I have forwarded a copy of the foregoing Motion to Dismiss by first class mail, postage prepaid, to attorney for the Plaintiffs, Nancy Sue Keller, Jacobi & Associates, P.A., 4 Militia Dr., # 14, Lexington, MA 02421.

_____                        _____
Dated                                          Regina Williams Tate

## THE NASHOBA REGIONAL SCHOOL DISTRICT
## AGREEMENT

### THE REGIONAL DISTRICT SCHOOL COMMITTEE
### (AMENDED MAY 2003)

Section 1. (A) The powers and duties of the regional school district shall be vested in and exercised by a regional school district committee, sometimes referred to as the committee. The committee shall consist of eight members: three from the town of Lancaster, three from the town of Stow and two from the town of Bolton. Such committee had members elected at the 2001 annual election of each town as follows: Bolton: two members, one for a term of three years and one for a term of two years; Lancaster: three members, one for a term of one year, one for a term of two years, and one for a term of three years; Stow: three members, one for a term of one year, one for a term of two years, and one for a term of three years. At the expiration of each term set forth above, each town will elect a member for a term of three years.

(B) If a vacancy occurs among the members of the committee, the selectmen and the remaining members of the committee from the town involved, acting jointly, shall appoint a new member by ballot within one (1) month after the vacancy occurs to serve until the next town election, at which time a new member will be elected to serve the remainder of the vacated term.

(C) The population of the participating town shall be determined every five (5) years in accordance with the town's annual census as certified by the respective town clerks. The census will be reviewed by the Regional District School Committee to determine if the number of representatives elected from each town is within the standard 10-16% deviation in compliance with the one person – one vote ruling.

(D) If the population in a participating town results in a change in the number of members to be elected to the Regional District School Committee, such change shall be effective at the annual town election following the certification of the census.

### LOCATION AND LEASE OF SCHOOLS

Section 2. (A) The Regional District schools serving students from all district towns shall be located as near as feasible to the geographic and population centers of the District, except that any new school constructed for the purpose of accommodating pupils primarily from a particular member town shall be located in that town.

(B) The town of Bolton is hereby authorized to lease to the Regional School District all the premises and buildings presently known as the Emerson School (including the 1952 + 1972 sections, excluding the 1922 section) and the Florence Sawyer School. The town of

1 of 8

Lancaster is hereby authorized to lease to the Regional School District all the premises and buildings presently known as the Mary Rowlandson Elementary School and the Luther Burbank Middle School. The town of Stow is hereby authorized to lease to the Regional School District all the premises and buildings presently known as the (1) Hale School, (2) Center School, (3) Pompositticut School, and (4) the Stone Building. Each of the leases authorized above shall be for a term not in excess of twenty (20) years and the term shall commence on July 1, 1994. Each of the leases shall contain a provision for the extension of the term thereof for an additional term not in excess of twenty (20) years, renewable at any time during the term, at the option of the Regional District School Committee. Each of the leases shall contain provisions authorizing the Regional School District to insure, repair, improve, alter or remodel any of the leased buildings. Alterations or changes to any leased property can only be made with the concurrence of the leasing town. No rental shall be charged to the District by any of the participating towns except as hereinafter provided.

If the Regional District School Committee shall assign any pupils residing in any one (1) or more participating towns to attend any of the aforementioned leased schools of another town on which any funded indebtedness remains outstanding the town of residence of such pupils shall be charged a rental fee at the rate of net cost per pupil per school year for each pupil so assigned. The rental shall be paid to the Regional School District by the town of residence of such pupils within thirty (30) days after the date of billing by the said Committee and the said Committee shall transmit said payment to the town of ownership of the school to which such students have been assigned.

In the event of withdrawal of any of the participating towns from the District, the above-mentioned leases shall be terminated at the time of such withdrawal. Each lease involving a participating town shall be on such other terms as may be determined by the Selectmen thereof and the Regional District School Committee who shall execute the lease for the participating town and the Regional School District, respectively.

New school facilities built by member towns shall be subject to the leasing terms as outlined above. When facilities are no longer used for education purposes, the lease for that facility is terminated.

## TYPE OF DISTRICT

Section 3. The Regional School District shall include all grades from kindergarten through grade twelve (12).

2 of 8

## METHOD OF APPORTIONING COSTS OF
## THE REGIONAL SCHOOL

Section 4. (A) Capital costs shall include all expenditures in the nature of capital outlay such as the cost of acquiring land, the costs of constructing, reconstructing, and adding to buildings, and the cost of remodeling or making extraordinary repairs to a school building or buildings, including without limitation the cost of the original equipment and furnishings for such buildings or additions, plans, architects' and consultants' fees, grading and other costs incidental to placing school buildings and additions and related premises in operating condition. Capital costs shall also include payment of principals of and interest on bonds or other obligations issued by the District to finance capital costs.

(B) Operating costs shall include all costs not included in capital costs as defined in Section 4(A) but including interest on temporary notes issued by the District in anticipation of revenue.

(C) 1. Capital costs, including debt service on bonds or notes issued by the District to finance capital costs, in connection with any particular District school shall be apportioned on the basis of each member town's pupil enrollment in such school. Each member town's share shall be determined by computing the ratio which its pupil enrollment in such school on October 1 of the year next preceding the year for which the apportionment is made bears to the total pupil enrollment from all the member towns in such school on that date. If there is not enrollment in such school on the aforesaid October 1, the apportionment of debt service with respect thereto shall be made on the basis of the estimated pupil enrollment from each member town in such school on the aforesaid date had there been any reenrollment, such estimate to be made by the Committee.

2. Incurring of indebtedness for the construction of new school facilities, including additions to existing school facilities, which are designed to serve students from one member town, shall be by vote of the voters of the member town so served, at an annual or special town meeting and said indebtedness shall be incurred by the member town so served and not the Regional School District.

3. Incurring of indebtedness for capital improvements or capital replacements for existing school facilities to serve students from one (1) member town shall be by vote of the voters of the member town so served, at an annual or special town meeting, and said indebtedness shall be incurred by the member town so served and not the Regional School District.

3 of 8

(D)    Operating costs shall be apportioned among the member towns on the basis of the average of the previous five (5) years' enrollment as of October 1 of each of the preceding years for fiscal year 2000 and thereafter.

Assessments to each town shall be said apportionment less the average percentage of Regional Aid, Transportation Aid, and any other reductions to the gross budget voted by the Regional School District, less each town's allocation of Chapter 70 aid, but not less than each town's minimum contribution required by the State.

(E) Payments of one-quarter of each town's proportional part of the its assessment from the regional school district, including indebtedness, shall be made on the first day of each February, May, August, and November and in the manner prescribed by Statute.

(F) Within seven (7) days after the date on which the Regional District School Committee authorizes the incurring of debt, other than temporary debt in anticipation of revenue to be received from participating towns, the said Committee shall cause written notice of the date of said authorization, the sum authorized, and the general purpose or purposes for authorizing such debt, to be given to the Board of Selectmen of each participating town.

## TRANSPORTATION

Section 5.  (A) School Transportation shall be provided by the Regional School District and the cost thereof shall be apportioned to the participating towns as an operating cost.

(B) Students in pre-kindergarten through grade eight (8) shall attend schools in their town of residence except as hereinafter provided.

(C) The Regional District School Committee may assign by a majority vote students in grades six (6) through eight (8) to a school in other than their town of residence only after a favorable majority vote at an annual or special town meeting on the part of both sending and receiving towns involved in such an assignment.

(D) The Regional District School Committee may determine by a majority vote the need to assign elementary pupils to schools in other than their town of residence in case of an emergency which prevents use of a building whole or part, or with parent approval.  Any town whose students are assigned to any temporary school facilities will be responsible for all costs, including rental, building utilities cost, transportation beyond that normally provided under district contracts, and any equipment that might be associated with temporarily housing its students.

4 of 8

## ADMISSION TO AND WITHDRAWAL
## FROM THE DISTRICT

Section 6. (A) Any town not included in the Regional School District may be admitted to the District by Majority vote of the Regional District School Committee and upon acceptance by the town of this Agreement with any amendments thereto and upon acceptance by the Town of the provision of Section sixteen through sixteen (I), inclusive, of Chapter 71, as amended, of the General Laws. Upon admission of such a town, the costs of Section 4 plus subsequent acquisitions and improvements shall be reapportioned in accordance with Section 4 to all the towns now comprising the District as determined by the Regional District School Committee. The newly admitted town shall then assume liability for its entire share of the costs of Section 4 for the remaining terms of the funded indebtedness. It shall pay to the Regional School District Treasurer an amount equal to the sum of its normal share of the costs of Section 4 plus its share of the funded indebtedness already retired divided by the number of years in the remaining life of the funded indebtedness. Payments made by the newly admitted town for funded indebtedness already retired, shall be credited to the towns previously forming the District on the basis of over-payments made by them. If no funded indebtedness exists the newly admitted town must pay to the Regional School District their percentage of student enrollment to the District total capital costs over a ten (10) year period. Funds received for capital expenditures from any newly admitted town will be used to reduce assessments to the previous members of the Regional School District based on the average percent of each town's enrollment over the life of the District.

(B) By a majority vote at a regular or special town meeting, any town in the Regional School District may withdraw from the District, provided that a majority of the remaining members of the Regional District School Committee so vote; and provided that the town desiring to withdraw has paid its portion of the remaining funded indebtedness and any other expenses for which it became liable as a member of the District.

The withdrawing town shall remain liable to the District for indebtedness of the District outstanding at the time of such withdrawal, and the interest thereon to the same extent and in the same manner as though such town had not withdrawn from the District; provided that such liability shall be reduced by any amount which such town has paid at the time of withdrawal and which has been applied to the payment of such indebtedness or interest.

The withdrawing town's annual share of any future installment of principal and interest on obligations outstanding on the effective date of its withdrawal shall be fixed at the percentage prevailing for such town at the last annual apportionment made next prior to the effective date of the withdrawal. The remainder of any such installment after subtracting the share of any towns which have withdraw shall be apportioned to the remaining participating towns in the manner provided in Section 4 (C) and any amendments which may be made thereto.

5 of 8

## AMENDMENTS

Section 7.  This Agreement may be amended by recommendation of the Regional District School Committee or by initiative Petition of 10% of the registered voters in the towns comprising the Regional School District, provided that such amendment is approved by majority vote in each of the towns comprising the District.  No such amendment shall be made which shall substantially impair the rights of the holders of any bonds or notes of the District then outstanding or the rights of the District to procure the means for payment thereof; provided, that this provision shall not prevent the admission of new towns to the District and the reapportionment accordingly of that part of the cost of construction represented by bonds or notes of the District then outstanding and of interest thereon.

## BUDGET

Section 8.  The Regional District School Committee shall, in accordance with Section 16B of Chapter 71 of the General Laws of the Commonwealth of Massachusetts, prepare and adopt a budget and present this budget to each of the Towns comprising the District on or before March 15th for the next fiscal year, itemized as follows:

1. Administration
2. Instruction
3. Other School Services
4. Operation & Maintenance of School Plant
5. Fixed Charges
6. Community Service
7. Acquisition of Fixed Assets
8. Debt Retirement and Debt Services
9. Programs With Other Districts and Private Schools
10. Contingency

## ADMISSION OF STUDENTS

Section 9.  Students residing outside of the Regional School District may attend any of the schools in the District provided sufficient space is available as determined by the Regional District School Committee.    At any time the Regional District School Committee may vote not to accept students residing outside the District.

6 of 8

## ORGANIZATION OF THE REGIONAL DISTRICT
## SCHOOL COMMITTEE

Section 10. (A) Within ten (10) days after selection of membership, the Regional District School Committee shall organize and choose by majority vote such officers as provided for by law, and determine their term of office.

Provisions shall be made for meetings, including an annual meeting at which the officers of the Committee shall be elected. All meetings except those involving personal relations of pupils or employees of the Regional District School Committee shall be open to the public and the press.

(B) The Regional District School Committee, for and on behalf of the Regional School District, shall establish and maintain within the District a central office for the transaction of its business; the place to be determined by the Committee. The Committee shall have the power to equip the same and to purchase such supplies as may be required in the transaction of its business.

## AUDIT ADVISORY COMMITTEE

Section 11. The school committee shall create an Audit Advisory Committee consisting of four (4) voting members: one (1) from each town appointed jointly by the Selectmen and Finance Committee of that town and one (1) voting member appointed by the school committee, where that member shall not be a member of the school district's administration. Each committee member must be independent of the financial reporting system of the district and should possess a reasonable level of financial literacy. The Audit Advisory Committee shall review the district's financial reporting process and annual audit(s), both financial and compliance.

It will be the responsibility of the Audit Advisory Committee to:

- Establish an understanding of the district's financial reporting system through meetings and interviews with the district's management and individual interviews with all members of the district's financial reporting department. The Audit Advisory Committee will also have the authority to request financial reports from the business office of the district showing detailed financial transactions, actual expenditures against budgets, summaries of all "off budget" financial operations, all liabilities incurred or anticipated, and balances of all bank accounts.

- Recommend to the school committee the hiring of the accounting firm that audits the financial affairs of the school district. The Audit Advisory Committee will recommend the scope of any audits performed, will meet with the auditors throughout the auditing process, and will receive any reports prepared by auditors.

7 of 8

- Recommend to the school committee each year the amount of money required for auditing activities, and will recommend to the school committee expenditures from the auditing budget line item.

- Report annually, after receiving the annual audit, or at other times it may deem appropriate, to the full school committee on the adequacy of the financial reporting system, outcomes of the annual audit and its recommendations for any changes in procedures. In addition, the Audit Advisory Committee will conduct, at least annually, a public session designed to inform the citizens of the member towns about the district's financial health.

8 of 8