UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN DOE, ppa Mother Doe and<br>MOTHER DOE, individually,<br>　　　　　Plaintiffs,<br><br>v.<br><br>DUBECK KIM, CHATA DICKSON,<br>RICHARD MARTIN, SUSAN LANGER,<br>NEW ENGLAND CENTER FOR CHILDREN,<br>NASHOBA REGIONAL SCHOOL DISTRICT<br>and TOWN OF BOLTON,<br>　　　　　Defendants. | CIVIL ACTION NO.<br>05-121163-RWZ |

**PLAINTIFFS' OPPOSITION TO DEFENDANT TOWN OF BOLTON'S
MOTION TO DISMISS (INCORPORATING MEMORANDUM)**

**NOW COMES**, the plaintiffs John Doe, ppa Mother Doe and Mother Doe ("Plaintiffs"), individually respectfully requests that this Honorable Court deny the defendant Town of Bolton's ("Town") Motion to Dismiss ("Motion to Dismiss") on the grounds that (1) the Town failed to comply with Local Rule 7.1(A), (2) the Town seeks to have the Court consider, in considering its Motion to Dismiss, evidence that has not been properly submitted to the Court, and (3) that the arguments made concerning the Town's contracting with the defendant Nashoba Regional School District are more appropriately brought at summary judgment at which time parties will have had an opportunity to perform discovery into whether or not the Town did relinquish all rights and obligations to sue and be sued concerning, among other things, Title IX funding requirements and IDEA requirements.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), in reviewing motions to dismiss, Courts must "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the plaintiff]. *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997) (citation omitted); *Morris v. Massachusetts Maritime Academy*, 409 Mass. 179 (1991); *Hobson v. McLean Hosp. Corp.*, 402 Mass. 413, 415 (1988) (*quoting Nader v. Citron*, 372 Mass. 96, 98 (1977)). The Court should dismiss the complaint only if it is clear that the plaintiff can prove no set of facts, consistent with the allegations in the complaint, that would support relief. *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Vartanian v. Mondanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994)); *Morris v. Massachusetts Maritime Academy, et al.*, 409 Mass. 179 (1991); *Hobson v. McLean Hosp. Corp.*, 402 Mass. 413, 415 (1988) (*quoting Nader v. Citron*, 372 Mass. 96, 98 (1977)). When determining whether a complaint should be dismissed, the Court may only consider the allegations presented in the Complaint and not any other evidence submitted by either party. Fed. R. Civ. P. 12.

## ARGUMENT

**1.   The Town's Motion to Dismiss Should be Denied Where the Town Failed to Comply with Local Rule 7.1.**

Local Rule 7.1 requires that counsel must confer with opposing counsel in a "good faith" attempt to resolve or narrow the issue presented in a motion. Local Rule 7.1 also requires that all motions must include a certification acknowledging that they have complied with Local Rule 7.1. At no time, prior to filing its motion to dismiss, did the Town's counsel ever contact Plaintiffs' counsel in a good faith attempt to resolve or narrow the issues presented in the motion to dismiss as required under Local Rule 7.1(A).

Moreover, the Town's counsel failed to certify on its motion to dismiss that it had complied with Local Rule 7.1 as required under Local Rule 7.1(A)(2). Therefore, the Town's Motion to Dismiss should be denied.

2.  **The Town's Motion to Dismiss should be denied where the Town seeks to have the Court consider evidence submitted with its Motion to Dismiss which <u>evidence has not been properly submitted to the Court.</u>**

Under Fed. R. Civ. P. 56, evidence may only be submitted to the Court with a motion if it is accompanied by an affidavit certifying the documents as true and accurate. The Town simply attached a document to its Motion to Dismiss without providing any certification in its Motion to Dismiss or by any affidavit certifying that document. Therefore, the Court should not consider the submitted document as evidence and should deny the Town's Motion to Dismiss.

3.  **Even if submitted properly, the Court should not consider the document submitted as evidence as, in evaluating motion to dismiss, the only evidence to consider is the Complaint and whether the Plaintiffs alleged sufficient <u>facts to state a prima facie case.</u>**

Fed. R. Civ. P. 12(b)(6), in reviewing motions to dismiss, Courts must "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the plaintiff]. *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997) (citation omitted); *Morris v. Massachusetts Maritime Academy*, 409 Mass. 179 (1991); *Hobson v. McLean Hosp. Corp.*, 402 Mass. 413, 415 (1988) (*quoting Nader v. Citron*, 372 Mass. 96, 98 (1977)). The Court should dismiss the complaint only if it is clear that the plaintiff can prove no set of facts, consistent with the allegations in the complaint, that would support relief. *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1st Cir. 1997) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Vartanian v. Mondanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994)); *Morris v. Massachusetts Maritime Academy, et al.*, 409 Mass. 179 (1991);

*Hobson v. McLean Hosp. Corp.*, 402 Mass. 413, 415 (1988) (*quoting Nader v. Citron*, 372 Mass. 96, 98 (1977)). When determining whether a complaint should be dismissed, the Court may only consider the allegations presented in the Complaint and not any other evidence submitted by either party. Fed. R. Civ. P. 12.

The Town seeks to have the Court also consider another document purported to be an agreement between the Town and the defendant Nashoba Regional School District in determining whether Plaintiffs' claims against the Town should be dismissed. That type of review is not proper at the 12(b)(6) stage, but rather is reserved for the summary judgment motions. The Plaintiffs have alleged sufficient facts to establish their prima facie case. The Minor Plaintiff was a resident of the Town and was harmed in the Town's provision or refusal to provide special education services to the Minor Plaintiff. Therefore, the Court should not consider the submitted document as evidence and should deny the Town's Motion to Dismiss.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to Dismiss should be denied.

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on September 28, 2005.

*[signature]*

Dated: September 28, 2005

Respectfully submitted,
Plaintiffs,
JOHN DOE, ppa Mother Doe and
MOTHER DOE, individually,
By their attorneys,

*[signature]*
Harold Jacobi, III (BBO #248980)
Nancy Sue Keller (BBO #644515)
JACOBI & ASSOCIATES
Four Militia Drive, Suite 14
Lexington, MA 02421
Tel: 781-274-0405