UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11163-RWZ

JOHN DOE and MOTHER DOE

v.

KIM DUBECK et al.

MEMORANDUM OF DECISION

June 19 , 2006

ZOBEL, D.J.

Plaintiff Mother Doe has filed suit on behalf of herself and John Doe, her minor child. John Doe is a student with special educational needs, for whom an Individualized Education Program ("IEP") was developed, in accordance with Massachusetts law. The IEP had both a one-on-one educational component and a home study component. Plaintiffs allege that they encountered several obstacles in obtaining appropriate educational support for the home study component. In addition, they allege that John Doe attended New England Center for Children ("NECC") to receive one-on-one educational instruction and that during the 2002-2003 school year, John Doe suffered physical and emotional abuse by defendant Dubeck Kim ("Dubeck"),[1] his instructor at the NECC. Plaintiffs seventeen-count complaint names

---

[1] The complaint names defendant Dubeck Kim (Compl. Caption and ¶ 2), or "Defendant Dubeck" (id. ¶ 2 et seq.), but the docket caption lists the defendant as Kim Dubeck. Plaintiffs also use "Defendant Dubeck" in their opposition papers. The District uses both "Defendant Kim" and "Defendant Dubeck." (District's Mot. to Dismiss 2). I

multiple defendants and asserts various tort and civil rights claims arising out of the alleged physical and emotional abuse. Two of those defendants—the Town of Bolton ("the Town") and the Nashoba Regional School District ("the District")—now move to dismiss the claims against them.

I.   The Town's Motion to Dismiss

The Town, which is named as a defendant in Counts 12 through 17, moves to dismiss on the basis of the Regional School District Agreement ("the Agreement"), under which the Town became part of the District, along with other towns. Under Doe v. Town of Blandford, 402 Mass. 831, 834 (1988), the Town is correct. Under M.G.L. c. 71, § 16, the District is "a body politic and corporate" that may "sue and be sued." Therefore, the District, rather than any of the towns that joined together to form it, is the public employer for purposes of M.G.L. c. 258 liability. See id. All claims against the Town must therefore be dismissed.

Plaintiffs argue first that the motion to dismiss should be denied because the Town has not complied with Local Rule 7.1, which requires counsel to certify that they have "conferred and . . . attempted in good faith to resolve or narrow the issue" before filing the motion. The docket reveals, however, that counsel for the Town (who is also counsel for the District) has since filed the required certification. (Docket #17).[2]

---

will refer to him as defendant Dubeck.

[2] The docket entry states that the Certification is filed in response to plaintiffs' opposition to the Town's Motion to Dismiss. However, the Certification actually filed certifies compliance with the Rule only with respect to the District's Motion to Dismiss. Because the same counsel represents both defendants, counsel's discussion presumably covered both defendants' motions. I therefore treat the certification as

2

Although the Rule requires that the certification be filed before the motion is filed, in this case the late filing has not resulted in any prejudice since discussions between counsel have resulted in no resolution of the issues raised by the motion.  (Id.).

Plaintiffs also contend that it is improper for the court to consider the Agreement on a motion to dismiss, which should be decided solely on the facts as alleged by plaintiffs in their complaint.  Plaintiffs rely upon Fed. R. Civ. P. 12(b)(6), under which a motion to dismiss must be converted to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court."  In accordance with the summary judgment rules, the plaintiff must then be given an opportunity to submit its own evidentiary material.  Venture Assocs. Corp. v. Zenith Data Sys., 987 F.2d 429, 431 (7th Cir. 1993).  In this case, however, the Agreement submitted by the Town falls within the purview of Fed. R. Civ. P. 10©, under which documents attached to a defendant's motion to dismiss may be considered part of the pleadings "if they are referred to in the plaintiff's complaint and are central to her claim."  Id.  Plaintiffs' complaint refers to the District's status as a political subdivision of the Commonwealth of Massachusetts and discusses the relationship between the District and the Town.  (Compl.  ¶¶ 7-8).  Plaintiffs' claims against both the District and the Town are based upon their alleged status as public employers.  The Agreement, which establishes the Town's relationship to the District, is thus "central to" plaintiffs' claims.  Accordingly, they may be treated as part of the pleadings pursuant to Rule 10©.  Cf. Venture Assocs., 987 F.2d at 432 (documents attached to defendant's motion to dismiss

---

satisfying both defendants' obligations under the Rule.

3

"constitute[d] the core of the parties' contractual relationship" and were thus "central to [plaintiff's] claim" and properly treated as part of the pleadings).

Because plaintiffs have offered no other objection to the Town's motion to dismiss, it is allowed.

II.     The District's Motion to Dismiss

The District, which is also named as a defendant in Counts 12 through 17, moves to dismiss on several grounds, and plaintiffs oppose.

   A.     Counts 12 and 15

Counts 12 and 15 allege negligence on the part of the District in failing to protect John Doe from physical and emotional abuse by NECC staff and in failing to correct such conduct once it had learned of it.  Count 12 alleges plain negligence, while Count 15 is brought pursuant to the Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, § 2, which provides for liability of public employers for injuries caused by the negligent acts or omissions of public employees while acting within the scope of official employment.  The District contends, and plaintiffs do not disagree, that both claims should be analyzed under the MTCA, which is the sole source of tort liability for public employers.  See Doe v. Old Rochester Regional Sch. Dist., 56 F. Supp. 2d 114, 120 (D. Mass. 1999).  Under the MTCA, the claim is barred.

First, the District may only be held liable for tortious conduct of a "public employee while acting within the scope of his office or employment." M.G.L. c. 258, § 2 (emphasis added).  For this reason, Massachusetts courts have previously rejected efforts to hold public employers liable for the conduct of independent contractors.

4

Thus, in Thornton v. Commonwealth, 28 Mass. App. Ct. 511, 511 (1990), the court declined to impose liability on the Department of Youth Services ("DYS") for injury that befell a minor who was under the care of an independent contractor who had contracted with DYS to hold "residential programs for delinquent youths."  The court explicitly held that an independent contractor "was not a public employee within the meaning of c. 258," and thus, that its conduct, "cannot be chargeable to DYS, i.e., the Commonwealth."  Id. at 513; accord Rowe v. Town of Arlington, 28 Mass. App. Ct. 389, 390-91 (1990).  Here, the NECC, a private institution, entered into a one-year contract with the District to provide educational services for John Doe. (Compl. ¶ 22).  Given these facts, NECC employees are highly unlikely to be considered "public employees" within the meaning of the statute, and it is unclear that liability could be imposed upon the District on the basis of their conduct.

Second, even assuming that the NECC employees were "public employees" within the meaning of § 2, the District still cannot be held liable for conduct outside the scope of employment.  Sexual misconduct by a teacher clearly falls outside the scope of employment.  E.g., Canty v. Old Rochester Regional Sch. Dist., 54 F. Supp. 2d 66, 71 (D. Mass. 1999); Armstrong v. Lamy, 938 F. Supp. 1018, 1045 (D. Mass. 1996) (citing Massachusetts cases).  Thus, to the extent that plaintiffs seek to hold the District liable for Dubeck's alleged sexual misconduct, the claim is barred.  Similarly, the District cannot be held liable for conduct amounting to an intentional tort—such as Dubeck's alleged physical abuse and battery.  To the extent that plaintiffs seek MTCA

5

damages for Dubeck's intentional torts, the claim is likewise barred. See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 284-85 (1985).

Third, the claim is barred under § 10(j) of the MTCA. The thrust of plaintiffs' negligence claim is that the District failed to protect John Doe from abuse by NECC staff, and failed to stop that abuse once the District had learned of it. Section 10(j) bars claims based on "an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer." The provision is considered somewhat of an "interpretive quagmire" by courts, which the Massachusetts Supreme Judicial Court attempted to elucidate in Brum v. Town of Dartmouth, 428 Mass. 684, 692 (1999):

> The principal purpose of the provision, as we have said, must be taken to be announced in its opening clause: to exclude liability for "an act or failure to act to prevent or diminish" certain "harmful consequences." Which harmful consequences? All those "including the violent or tortious conduct of a third person." The "including" clause must modify the noun consequences, rather than the nearer nouns "condition" or "situation," because conduct cannot grammatically or logically constitute "a condition or situation." Thus, there is immunity in respect to all consequences except where "the condition or situation" was "originally caused by the public employer." We take the "originally caused" clause to modify "condition or situation," although it might also be read to qualify only the nearer term "conduct of a third person."

Id. In other words, the District cannot be held liable for failing to prevent or diminish the situation that led to "harmful consequences" for John Doe, unless it "originally caused" that situation.

This requirement proves insurmountable for plaintiffs. Courts have repeatedly held that a school district does not "originally cause[]" tortious conduct merely by failing

6

to prevent it. E.g., id. at 693 (rejecting argument that a public employer, by failing to prevent a harm, would thereby have "originally caused" the harm, since "the exception would swallow the rule"); accord Doe v. D'Agostino, 367 F. Supp. 2d 157, 177 (D. Mass. 2005); Canty, 54 F. Supp. 2d at 71; Old Rochester Regional, 56 F. Supp. 2d at 121; Armstrong, 938 F. Supp. at 1044.  Under these cases, the District cannot be considered to have "originally caused" the situation that led to John Doe's injury simply because it failed to protect John Doe, failed to prevent or correct Dubeck's misconduct.

Plaintiffs attempt to work their way around this obstacle by arguing that under the statute, the District can be held liable for failing to prevent or protect if someone "acting on behalf" of it "originally caused" the situation leading to harm.  According to plaintiffs, Dubeck and the other NECC employees "originally caused" the harmful situation while "acting on behalf" of the District.  For two reasons, this argument is unpersuasive.  First, to the extent that Dubeck was not acting within the scope of employment when he engaged in the alleged abuse, it would be illogical to find that he was "acting on behalf" of his employer let alone the District.  Cf. Armstrong, 938 F. Supp. at 1045 (noting that inappropriate sexual contact by teacher with student could not be found "on any basis . . . to be motivated, in any part, by a purpose to serve his employer"). Second, several courts have considered and rejected municipal or school district liability for failure to prevent school teacher abuse or harassment, on the basis of § 10(j).  E.g., D'Agostino, 367 F. Supp. 2d at 177; Canty, 54 F. Supp. 2d at 71; Armstrong, 938 F. Supp. at 1044.  None of those courts has suggested that a

municipality or school district may be held liable because the teacher who "originally caused" the harm was "acting on behalf" of the public employer.

For all of these reasons, plaintiffs' claim under the MTCA is barred, and the motion is therefore allowed as to Counts 12 and 15.

### B.    Count 13

Section 5 of M.G.L. c. 76 prohibits public school districts from excluding or discriminating against students on the basis of, inter alia, gender.  Plaintiffs assert that the District violated the statute by failing to protect John Doe from such discrimination at the hands of NECC employees.  The underlying factual allegations set forth in the complaint, however, do not state a claim for sex discrimination.  The complaint alleges that defendant Dubeck subjected John Doe to "harassing and abusive conduct," but never asserts that such abuse was the result of sex discrimination.  (Compl. ¶ 25).  The complaint does assert abuse concerning alleged improper sexual exposure, but plaintiffs never link such abuse to a discriminatory motive based on John Doe's gender. Bare assertions of sex discrimination unsupported by any factual allegations in the complaint are insufficient to withstand a motion to dismiss.  Cf. Merritt v. Aylmer, 960 F.2d 143, at *2 (1st Cir. 1992) (table decision) (federal sex discrimination claim was properly dismissed where complaint contained no "particular factual assertions" concerning sex discrimination and thus failed to state a cognizable claim).  Accordingly, the District's motion is allowed as to Count 13.

### C.    Count 14

Plaintiffs assert that the District violated 42 U.S.C. § 1983 by depriving him of his federally protected rights to be free from bodily intrusion and to receive a public education. (Compl. ¶ 95). In their opposition, plaintiffs specify that their § 1983 claim is based upon the District's failure to relocate John Doe after learning of the alleged abuse. According to plaintiffs, Mother Doe complained to the District as early as January 2003 about the "NECC's educational program and its treatment of [John Doe]," at which time the District told her they would "immediately begin to look for another school at which to place John Doe." (Pls.' Opp. 11). Plaintiffs claim that the District's failure to "take that promised action until August of 2003" constituted deliberate indifference. The District moves to dismiss on several grounds, only one of which I need consider.

Plaintiffs do not assert a violation of John Doe's federally protected rights based upon any affirmative acts by the District. As in Doe v. Town of Bourne, No. 02-11363, 2004 WL 1212075, at *5 (D. Mass. 2004), "the Complaint nowhere alleges that [the District] directly harmed or otherwise harassed [John Doe]," but instead asserts liability only on the basis of the District's alleged "failure to act in supervisory roles." Supervisory liability under § 1983 cannot be based upon a respondeat superior theory, but must instead be predicated upon the "supervisor's own acts or omissions." Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998) (internal quotation marks omitted). Supervisory liability attaches only if "(1) there is subordinate liability, and (2) the supervisor's action or inaction was 'affirmatively linked' to the constitutional violation caused by the subordinate." Id. Specifically, the District must have engaged

9

in "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference," and the supervisor's conduct must have "led inexorably to the constitutional violation." Bourne, 2004 WL 1212075, at *4 (internal quotation marks omitted).

Under these principles, the District cannot be held liable in a supervisory capacity. The complaint alleges that John Doe suffered emotional and physical abuse at the hands of defendant Dubeck from September 2002 until July 2003. It asserts that in January 2003, Mother Doe complained about the NECC program and asked the District to find a new school for John Doe. Nothing in the complaint, however, suggests that these earlier communications provided notice to the District of the alleged abuse. Instead, the complaint expressly alleges that Mother Doe did not report the alleged abuse to the District until July of 2003. (Compl. ¶ 33). In other words, under the facts as alleged by plaintiffs, which they repeat in their opposition, the District was not on notice of any potential violation of John Doe's right to bodily integrity until July 2003. Its conduct prior to that date therefore cannot be "affirmatively linked" to the alleged constitutional violation. See Bourne, 2004 WL 1212075, at *6 (supervisor could not be held liable for harassment that occurred before she learned about it).

As for the District's failure to "look for a new school . . . until late August of 2003." (Compl. ¶ 29), it is not a basis for supervisory liability. A delay of less than two months in looking for a new school—particularly during the summer months when the District was likely at a reduced administrative capacity—does not amount to encouragement, condonation or acquiescence in the alleged abuse, nor does it

constitute deliberate indifference.  See D'Agostino, 367 F. Supp. 2d at 170 (supervisor's failure to take disciplinary action, as promised, did "not indicate that he acquiesced [in subordinate's] alleged abusive conduct").  Accordingly, the District's motion is allowed as to Count 14.

   D.   Count 16

In Count 16, plaintiffs allege that the District violated Title IX of the Education Amendments, 20 U.S.C. § 1681 ("Title IX"),[3] by "den[ying] Minor Plaintiff his right to education free from discrimination by failing to prevent and/or protect Minor Plaintiff from the physical and emotional abuse of Defendants NECC, [and the individual defendants] despite having notice of their physical and emotional abuse of minors and Minor Plaintiff."  (Compl. ¶ 101).  As the Supreme Court explained in Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 642 (1999), agency principles cannot be used in Title IX claims to impute liability to the District "for the misconduct of its teachers."[4]  Instead, the District may be held liable "only where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge."  Id.  As explained above in relation to Count 14, the facts alleged do not support a ruling of deliberate indifference.

---

[3]Oddly, Count 16 of the complaint is titled "Violation of Title IX (Mass. Gen. L. c. 119, § 51A)," but plaintiffs' opposition makes clear that the claim is under the federal law known as Title IX.

[4]For purposes of this motion, it is unnecessary to determine whether teachers employed by the NECC, a private institution that had contracted with the District to provide educational services, should be considered teachers of the District in a Title IX analysis.

According to plaintiffs, the District had actual knowledge that Mother Doe had requested a new school as early as January 2003, but it did not have actual knowledge of the alleged sex harassment until July 2003. The delay from July 2003 until the end of August 2003, when the District allegedly began its search for a new school, does not rise to the level of deliberate indifference. Accordingly, the motion is allowed as to Count 16.

    E.    <u>Count 17</u>

Plaintiffs assert that the District violated M.G.L. c. 119, § 51A, which requires teachers and other educational professionals or administrators who reasonably suspect child abuse to report such abuse to the Department of Social Services. The statute does not expressly provide a private right of action, but instead states that any person required to make such reports may be fined "not more than one thousand dollars" for failure to do so. M.G.L. c. 119, § 51A. The District contends that the claim must be dismissed because it does not provide for a private right of action, an argument recently accepted by a judge of this court. See <u>D'Agostino</u>, 367 F. Supp. 2d at 176. "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." <u>Unitrode Corp. v. Dynamics Corp. of Am.</u>, 379 Mass. 487, 491 (1980) (internal quotation marks omitted). Where a statute "explicitly authorize[s]" certain remedies, Massachusetts courts decline to imply other private remedies. See <u>id.</u>; see also <u>Johnson v. U.S. Steel Corp.</u>, 348 Mass. 168, 169-70 (1964) (no private right of action under statute providing for imposition of fine on violators). In light of the provision's plain language, which fails to provide for a

private civil remedy but does expressly provide for a statutory fine, I too decline to imply a private right of action and thus dismiss Count 17.

III.    Conclusion

Accordingly, the Town's Motion to Dismiss (Docket #13) and the District's Motion to Dismiss (#11) are allowed.


|       06/19/06       | /s/ Rya W. Zobel |
|----------------------|------------------|
|       DATE           | RYA W. ZOBEL     |
|                      | UNITED STATES DISTRICT JUDGE |