FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-1163RWZ

JOHN DOE, PPA MOTHER DOE and )
MOTHER DOE, INDIVIDUALLY, )
)
Plaintiffs, )
)
v. )
)
BOLTON REGIONAL SCHOOL )
DISTRICT, et al )
)
Defendants. )

## DEFENDANT TOWN OF BOLTON'S
## MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT PURSUANT
## TO FED.R.CIV.P. 54(b)

Defendant Town of Bolton (hereinafter "Bolton") hereby respectfully moves this Honorable Court to enter separate and final judgment in its favor on Counts 12-17 of the Complaint. Fed.R.Civ.P. 54(b). As grounds for this motion, the defendant states that the Court has already ruled that Counts 12-17, the only counts of the Complaint against Bolton, should be dismissed as to Bolton, and there is no just reason for further delay. In support of its motion, Defendant states the following:

1. On or about June 6, 2005, Plaintiffs filed a Complaint in the District of Massachusetts naming Bolton as one of the defendants. As to Bolton, the Complaint alleged liability for negligence and various civil rights violations. The complaint was not served on Bolton until on or about August 10, 2005.

2. In lieu of answering Plaintiffs' Complaint, Bolton responded on or about September 15, 2005 by filing a Motion to Dismiss the Complaint. Plaintiffs filed an Opposition to Bolton's Motion to Dismiss.

3. On or about June 19, 2006, the court issued a Memorandum of Decision in which the court granted Bolton's Motion to dismiss.

4. The court's reasons for deciding the Defendant's motion were thoroughly reported and the legal and factual issues framed in a thirteen (13) page Memorandum of Decision.

5. No just cause exists for delaying final judgment on a matter carefully and thoroughly considered, decided, and reported by the Court.

6. The Court's decision is separate and distinct from the other claims still existing in this case, and an appeal from the Court's decision would not prejudice or interfere with the trial of the remaining claims.

7. Defendant Bolton is entitled to the closure and finality of separate and final judgment.

8. On July 26, 2006, counsel for the Plaintiffs and the remaining Defendants indicated that they neither assented nor objected to this Motion.

WHEREFORE, Defendant Town of Bolton respectfully moves the Court to allow its motion, and to enter separate and final judgment in favor of the Defendant.

Respectfully submitted,
DEFENDANT
TOWN OF BOLTON
By its attorney,

_____
Regina Williams Tate, BBO # 492780
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
(617) 479-5000

### CERTIFICATE OF SERVICE

I, Regina Williams Tate, do hereby certify that I have forwarded a copy of the foregoing Motion to Dismiss by first class mail, postage prepaid, to attorney for the Plaintiffs, Nancy Sue Keller, Jacobi & Associates, P.A., 4 Militia Dr., # 14, Lexington, MA 02421, and Joshua D. Krell, Esq., Clark, Hunt & Embry, 55 Cambridge Parkway, Cambridge, MA 02142.

_____           _____
Dated                             Regina Williams Tate

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-1163RWZ

| | |
|---|---|
| JOHN DOE, PPA MOTHER DOE and MOTHER DOE, INDIVIDUALLY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| NASHOBA REGIONAL SCHOOL DISTRICT, et al | ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANT TOWN OF BOLTON'S
### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned attorney certifies that she conferred in good faith with Nancy Sue Keller, counsel for the Plaintiffs, and Joshua Krell, counsel for the remaining Defendants, to narrow the issues raised by the Motion for Entry of Separate and Final Judgment.

_____
Regina Williams Tate, BBO # 651709
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
Telephone: (617) 479-5000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NOTICE REGARDING
NEW LOCAL RULE 5.4 and MANDATORY ELECTRONIC FILING
EFFECTIVE JANUARY 1, 2006

<u>Local Rule 5.4</u> - This new Local Rule was adopted on October 3, 2005 to reflect the Court's determination that unless exempt or otherwise ordered by the Court, all pleadings or other papers submitted to the Court must be filed, signed, verified and served by electronic means. New Local rule 5.4 is effective on **January 1, 2006.**

Unless otherwise ordered by the Court, all attorneys must now file documents electronically. The only exceptions at this time are case opening documents and those listed below:

(a) sealed documents;
(b) ex parte motions;
(c) documents generated as part of an alternative dispute resolution (ADR) process;
(d) the administrative record in social security and other administrative proceedings;
(e) the state court record in proceedings under 28 U.S.C. § 2254; and
(f) such other types of documents as the clerk may direct in the ECF Administrative Procedures.

Prior Standing Orders are moot and courtesy copies should not be submitted unless specifically requested by a judicial officer.

The Court will make a public scanner and computer available for use in the Clerk's Offices in Boston and Worcester for those who do not have the necessary equipment or access to the Internet to file documents from their offices. Each attorney must obtain an ECF log-in and password by registering for electronic filing through the Court's web site. This notice will be sent to those attorneys still receiving notice in paper form and will be noted on the docket. Failure to register for ECF after receipt of this notice may result in sanctions.

    /s/    Sarah A. Thornton
Sarah A. Thornton
Clerk of Court

Date: December 23, 2005

## RULE 5.4 FILING AND SERVICE BY ELECTRONIC MEANS

**(A)     Electronic Filing Generally.**  Unless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein.

**(B)     ECF Administrative Procedures.**  Subject to the supervision of the court, the clerk will maintain Electronic Case Filing (ECF) Administrative Procedures, including procedures for the registration of attorneys and other authorized users and for distribution of passwords to permit electronic filing.  All electronic filings must be made in accordance with the ECF Administrative Procedures.  The ECF Administrative Procedures will be generally available to the public and shall be posted on the court's web site.

**(C)     Service of Pleadings.**  Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means.  Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user.  Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b).

**(D)     Deadlines.**  Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation.  All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.

**(E)     Civil Case Opening Documents.**  Civil case opening documents, such as a complaint (or petition or notice of removal), summons, civil action cover sheet, or category sheet, must be filed and served in paper format, not electronically.  Emergency motions and supporting materials presented contemporaneously with civil case opening documents may be filed and served initially in paper format and not electronically. Unless exempt or otherwise ordered by the court, at the time a civil case is opened, the filing party must also file a disk with the clerk's office containing in PDF format the opening documents and any emergency motions and supporting papers not filed electronically.

**(F)     State Court Record in Removal Proceedings.**  Within thirty days after filing a notice of removal in a civil action, a party removing an action under 28 U.S.C. §§ 1441-52 must file certified or attested copies of all docket entries, records, and proceedings in the state court in paper format.  Unless exempt or otherwise ordered by the court, the removing party must also file a disk with the clerk's office containing the state court record in PDF format.

**(G)     Exemptions.**

(1)     *Documents That Should Not Be Filed Electronically*.  The following types of documents must not be filed electronically, and will not be scanned into the ECF system by the clerk's office:

    (a)     sealed documents;
    (b)     ex parte motions;
    (c)     documents generated as part of an alternative dispute resolution (ADR) process;
    (d)     the administrative record in social security and other administrative proceedings;
    (e)     the state court record in proceedings under 28 U.S.C. § 2254; and

    (f)    such other types of documents as the clerk may direct in the ECF Administrative Procedures.

    (2)    *Documents That Need Not Be Filed Electronically.*  The following types of documents need not be filed electronically, but may be scanned into the ECF system by a filing party or the clerk's office:

    (a)    handwritten pleadings;
    (b)    documents filed by pro se litigants who are incarcerated or who are not registered ECF users;

    (c)    indictments, informations, criminal complaints, and the criminal JS45 form;
    (d)    affidavits for search or arrest warrants and related documents;
    (e)    documents received from another court under Fed. R. Crim. P. 20 or 40;
    (f)    appearance bonds;
    (g)    any document in a criminal case containing the original signature of a defendant, such as a waiver of indictment or a plea agreement;
    (h)    petitions for violations of supervised release;
    (i)    executed service of process documents under Rule 4; and
    (j)    such other types of documents as the clerk may direct in the ECF Administrative Procedures.